### JENNINGS v. EDGEFIELD MFG. CO.

1. DAMAGES—PUNITIVE.—Where there is no motion of nonsuit as to the cause of action for punitive damages, and no request to charge that under the proof the plaintiff was not entitled to such damages, this Court cannot inquire if there was any evidence to warrant a verdict for such damages, and it was not reversible error for Judge to charge the general law applicable to that cause of action.

2. CHARGE.—Statement in charge of an admitted fact is not a charge on the facts.

3. IBID.—MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.—Statement
   of the law of what constitutes representation of master, duties of
   master, contributory negligence of servant by remaining in employ-
   ment of master after knowledge of defect, assumption of risk by
   servant, and of notice to servant of danger, held correct.
4. IBID.—DAMAGES.—Statement of elements of damages universally
   judicially recognized, the fact of injury not being in dispute, is not
   a charge on the facts.
5. MASTER AND SERVANT.—The law imputes to the master knowledge of
   latent danger in instrumentalities unless he shows that he could not
   have discovered the danger by due diligence.
6. IBID.—It is duty of master to furnish safe and suitable machinery, -
   not such as is ordinarily in use.
7. APPEAL.—Objections to admission of evidence, stating no ground,
   will not be considered on appeal.
8. CHARGE.—If a proposition be once rightly stated in a charge, it is
   not error to fail to repeat it in modification of a request.
9. IBID.—Where a charge covers all the main issues in a cause, failure
   to charge a proposition not covered by request, is not error.
10. MASTER AND SERVANT.—The master cannot supply an appliance which
    he knows to be defective and escape liability for injury to the ser-
    vant due to the defect, in absence of notice to servant of the defect,
    on ground that the servant was intrusted with repairing the appli-
    ance and failed to discover the defect.

Before PURDY, J., Edgefield, November term, 1904.    Af-
firmed.

Action by A. H. Jennings against Edgefield Manufactur-
ing Co.    From judgment for plaintiff, defendant appeals on
following exceptions:

"1. Excepts because his Honor erred in charging the jury
that 'it was the duty of the defendant company to keep the
means and appliances and machinery in proper condition,
to keep them in proper repair;' whereas, he should have
charged the jury that it was the duty of the defendant
company to furnish proper machinery and appliances to the
engineer, to plaintiff herein, to enable him to operate the
machinery; and it was the duty of the engineer to use said
appliances in such a manner as to keep the machinery and

appliances in proper repair and in a reasonably safe condition.

"2. Excepts because his Honor erred in charging the jury as follows: 'Where a person in the employment of another is injured through the default or neglect of the master who employs him and the injury is due to said fault or neglect, then the party can recover.' It is respectfully submitted that this is a charge upon the facts and in violation of the Constitution, in that the Judge assumes that there was an injury.

"3. Excepts because his Honor erred in charging the jury that they 'might give punitive damages in this case,' when there is no testimony showing wilfulness, recklessness, wantonness and disregard of the servant's rights.

"4. Excepts because his Honor erred in charging the jury as follows: 'Was his injury due to the negligence of the defendant, the ordinary negligence of the defendant, in the situation in which the plaintiff was placed?' It is respectfully submitted that this is a charge upon the facts, and in violation of the Constitution, in that the Judge assumes that the plaintiff was injured.

"5. Because his Honor erred in charging as follows: 'Was his injury due to the negligence of the defendant, the ordinary negligence of the defendant, in the situation in which the plaintiff was placed? If so, he can recover such actual or compensatory damages as he may be entitled to;' whereas, he should have charged that if the defendant was negligent and the plaintiff did not contribute to that negligence of the defendant, was the sole and proximate cause of the injury, if there was an injury, then he could recover actual damages.

"6. Because his Honor erred in charging the jury, in reference to punitive damages, there being no testimony upon which the jury could infer or conclude that the defendant acted in a reckless, wilful manner, or in utter disregard of the plaintiff's rights.

"7. Because his Honor erred in charging the second request of the plaintiff, that is, 'It is the duty of the master to provide suitable machinery and appliances and keep them

in proper repair, and the employee has the right to assume that the master has discharged his duty in this respect, and is not bound to exercise care in ascertaining whether the master has so acted.' The Judge should have charged in this case that it was the duty of the plaintiff acting as engineer in charge of this machinery and appliances to keep the same in proper repair.

"8. Because the Judge erred in charging the jury the third request of the plaintiff, that is, 'A master is liable for injury to his servant caused by his own negligence or the negligence of any person representing him, and the person employed to do anything which is the master's duty to do is the master's representative.'

"9. Because the Judge erred in charging the fifth request of the plaintiff, 'If there is a defect in appliances, inclusive of a place to work, then whether a servant is guilty of contributory negligence, by remaining in the employ of the master after knowledge of such defect, is a question for the jury.'

"10. Because the Judge erred in charging the sixth request of the plaintiff, that is to say, 'There can be no assumption of risk by an employee without knowledge of the risk, as the doctrine of the assumption of risk depends upon agreement or waiver, which depends upon such knowledge.'

"11. Because the Judge erred in charging the eighth request of the plaintiff, that is, 'It is the duty of the master when a servant is set to work in a dangerous place or with dangerous machinery, material or other appliances, where he knows or ought to know that the servant is not aware of the danger, to notify him of the same.'

"12. Because the Judge erred in charging the ninth request of the plaintiff, that is, 'The physical and mental pain and suffering which the plaintiff has already endured by reason thereof, and also that which he is likely to experience in the future by reason thereof, the impairment of health, resulting from such injury or sickness, the pecuniary loss sustained up to the trial of the case and the pecuniary

loss, to earn in the future.' Because this is a charge upon the facts and is a violation of the Constitution.

"13. Because the Judge erred in charging the tenth request of the plaintiff, that is, 'If the jury find that the plaintiff was injured by wantonness or recklessness on the part of the defendant, and that such wantonness and recklessness was the proximate cause of the injury, then he would be entitled to punitive damages, the amount being in the discretion of the jury.' There being an entire absence of any testimony showing recklessness or wantonness on the part of the defendant towards the plaintiff. It being the special duty of the plaintiff to look after this special machinery and appliance; and because the charge does not limit the jury to the amount fixed in the complaint.

"14. Because the Judge erred in charging the jury the twelfth request of the plaintiff, that is, 'The law imputes to the master the knowledge of the danger, even though latent in the use of instrumentality with which he provides the servant, he cannot escape liability by showing he is ignorant of the fact unless he could further show that by use of due diligence he could not have discovered the danger.'

"15. Because the Judge erred in refusing to charge the defendant's request to charge number 6, as same was written, but by elimination therefrom the words, 'And of the character ordinarily in use.' The said request as written being as follows: '6th. It is not the duty of the employer to furnish the best machinery and appliances that are obtainable. His duty is discharged when he furnishes machinery and appliances which are reasonably safe and suitable, for the intended use and of the character ordinarily in use, having regard for the character of the services required.'

"16. Because his Honor erred in permitting the plaintiff's attorney to ask the following questions, and to answer the same over objection: 'Q. You did not accept $30 to pay for your damages? A. No, sir.'

"17. Because the Court erred in allowing J. T. Robinson to testify: 'That he saw Mr. Sossaman taken it out once'

(take the pipe out once), and allowed the witness to testify, over objections of the defendant, with reference to taking up a pipe by Mr. Sossaman, three or four years prior to the accident.

"18. Because the Judge did not allow the witness of the defendant, J. H. Walker, to answer the following questions, on objection by plaintiff's attorney: 'Q. If Jennings allowed the fireman to stop up the pipe, whose carelessness would it be?'

"19. Because his Honor erred in charging the first request of the plaintiff to charge as follows: 'The master is bound to use ordinary care in providing a reasonably safe place in which, and reasonably safe and proper appliances and instruments with which the servant may do his work. Appliances include a place to work,' without adding the proper qualification, that the ordinary hazards of business are excepted, and that the plaintiff, servant, must not rashly and deliberately expose himself to unnecessary and unreasonable risks.

"20. Because his Honor erred in his general charge as a whole in not instructing the jury in the light of the circumstances of this case that among the assumptions of risks of an employee incident to the business are the carelessness of those at least in the same work or employment, with whose habit, conduct and capacity he has in the course of his duties and opportunities become acquainted, and against whose negligence or incompetence he may take such precaution as his inclination or judgment may suggest.

"21. Because his Honor erred in his general charge in not making clear to the jury the distinction between the duty of a master and servant, with reference to third parties and the neglect of the servant to do the very thing required of him in his duties, and in not charging the jury that if in this case it was the duty of the plaintiff as servant as engineer to look after the engine room and its fixtures and pipes, and the plaintiff, as such engineer, failed to look after the same, and if the negligence brought about the conditions which resulted in his injury, if he was injured, then he could not recover."

*Messrs. Tompkins & Wells, Sheppard Bros., N. G. Evans* and *Mordecai & Gadsden,* for appellant, cite: *The plaintiff was in sole charge of the engine and boiler room, and is responsible for the condition of the pipe:* 14 Ency., 851; 66 Mich., 277; 4 Ency., 56, 63, and note; 140 Mass., 150; 16 K. B., 326; 52 Ill., 184; 20 Ill., 251; 1 Lab. on M. & S., sec. 274; 1 Bailey on M. & S., 644; 20 Ency., 130; 11 R. I., 152; 11 Mo. App., 199; 41 S. C., 388. *There being no evidence warranting a verdict for punitive damages it was error to charge the law applicable thereto:* 69 S. C., 444, 165, 530, 453; 64 S. C., 424; 68 S. C., 101; 1 Lab. on M. & S., 1060; 60 S. C., 74; 54 S. C., 507; 16 Ency., 394; 5 Ency., 21; 52 Ill., 184; 39 Ark., 387; 14 Ency., 890; 64 S. C., 215; 68 S. C., 89; 66 S. C., 542; 69 S. C., 156; 65 S. C., 1; 64 S. C., 515. *Working in face of known defects raises presumption of contributory negligence on part of servant:* 4 Ency., 36; 55 Mo., 585; 124 Mass., 44; 45 Mo., 449; 84 Pa. St., 230; 27 Minn., 243; 12 Allen, 85; 27 Kan., 74; 30 Wis., 392; 69 N. Y., 166; Beach on Con. Neg., 40; 14 Ency., 845, 846, and note. *It was duty of plaintiff to discover defects in pipe:* 111 Pa. St., 423; 35 Mass., 294; 14 Ency., 888, 889, 890, 891, 894, 896, 897, 909, 910, 905; 113 Mass, 396; 79 Me., 397; 67 Ala., 13; 57 Tex., 505; 109 Pa. St., 301; 83 Ky., 589; 108 Ill., 113; 35 Ark., 602; 70 Ia., 555; 9 Cal., 159; 76 Pa. St., 389; 39 S. C., 39. *Court should determine if proof is sufficient to warrant jury in finding due care:* 79 Me., 397; 101 N. Y., 520; 6 Phil. Pa., 225; 1 C. Tenn., 1012; 26 Lg. Exc., 221; 14 Ency., 894; 39 S. C., 39.

*Messrs. J. Wm. Thurmond, S. McG. Simkins* and *Jas. H. Tillman,* contra, cite: *Whole charge must be taken together:* 51 S. C., 228. *Abundant evidence to support punitive damages:* 65 S. C., 128; 70 S. C., 418; 67 S. C., 223. *Exception 7 contains a correct proposition:* 66 S. C., 490; 52 S. C., 443. *Exception 8 contains a correct proposition:* 18 S. C., 270; *Riley* v. *Ry.,* 69 S. C. *Exception 9 contains a correct proposition:* 51 S. C., 222; 60 S. C., 170. *Request in ex-*

27—72

*ception 10 is supported by:* 61 S. C., 481; 66 S. C., 486; 35
S. C., 405. *Exception 11 contains a correct proposition:*
55 S. C., 488; 28 L. R. A., 597; 16 L. R. A., 44. *Stating
admitted fact is not charge on facts:* 5 Ency., 41; 62 S. C.,
335; 52 S. C., 443. *As to appliances to be furnished by
master:* 60 S. C., 169. *As to admission of evidence:* 59 S.
C., 243; 60 S. C., 14. *Proper to show condition of pipe
before accident:* 39 S. C., 169. *Exception 19 contains a cor-
rect principle of law:* 51 S. C., 228; 66 S. C., 490. *When
general charge covers issues, specific requests should be sub-
mitted for special propositions:* 11 Ency., 1 ed., 258; 46 S.
C., 43; 70 S. C., 169; 63 S. C., 467; 13 S. C., 197; 14 S. C.,
365; 15 S. C., 122; 16 S. C., 139.

October 7, 1905. The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS. The plaintiff, who was an engineer
at defendant's mill in charge at night of the engine and boiler
and of the pipes attached to them, was injured while going
from the engine to the pump by stepping into a pool of hot
water made by the breaking of a defective underground pipe.
The judgment was for the plaintiff, and the defendant
appeals.

Gardner, master mechanic of the mill, under whom plain-
tiff worked, testified his own duties "were to keep up the
machinery and to see that everything was in running condi-
tion." His testimony, and that of other witnesses for
plaintiff, was to the effect that before the accident he had
twice seen the pool of hot water, and his attention had been
called to the defective pipe, and instead of repairing it, being
"pushed up with work," he "poked in cinders" to stop the
hole, and "just let it go." He stated also that he had talked
to the superintendent about the defective pipe a few days
before the accident. This witness further says upon exami-
nation, after the accident he found the pipe "corroded and
eat up with rust, little bubbles, holes all through it." The
plaintiff was on duty only at night, and testified he had no

information before the accident that there had been a leak or that the pipe was defective. There were two ways of going from the engine to the pump used by the employees of the mill, one through the door and the other through a window. The plaintiff was injured on the way that led through the window; whereas, if he had gone through the door, the accident could not have occurred. The superintendent, Spencer, testified he had given both Gardner and Jennings specific instructions not to allow any one to use the way through the window. He denied the knowledge imputed to him by Gardner, the master mechanic, of the defects which were alleged to have caused the injury. There was evidence on the part of defendant to the effect that the pipe was stopped at its vent by clinkers dumped there by the fireman, who was working under the direction of the plaintiff, and that the steam and hot water would not have escaped and made the pool but for this stoppage.

The foregoing statement indicates the issues of fact with sufficient clearness for an understanding of the questions of law made by the appeal.

The record furnishes no ground for this Court to inquire whether there was any evidence to warrant a verdict for punitive damages. There was no motion for a nonsuit as to the cause of action for punitive damages, and no request to charge that under the proof the plaintiff was not entitled to such damages. In the absence of such action on the part of the defendant, it was not reversible error for the Circuit Judge to charge the general law applicable to that cause of action. This disposes of the 3d, 6th and 13th exceptions.

The 2d and 4th exceptions fail because it is too manifest for anything more than mere statement that when the Circut Judge said, "Where a person in the employment of another is injured through the default or neglect of the master who employs him, and the injury is due to said fault or neglect, then the party can recover," he announced a proposition of law and did not charge on the

facts. Plaintiff's injury was no more in dispute than his name, and, as has been often said by this Court, it was not error for the Circuit Judge to assume the fact in his charge.

The 5th exception cannot be sustained, because the charge fully and clearly stated the law as to contributory negligence as requested by defendant.

The appellant fails to state in what respect the propositions taken from the charge in the 8th, 9th, 10th and 11th exceptions are erroneous. They are as follows:

"A master is liable for injury to his servant caused by his own negligence or the negligence of any person representing him, and the person employed to do anything which is the master's duty to do is the master's representative.

"If there is a defect in appliances, inclusive of a place to work, then whether a servant is guilty of contributory negligence by remaining in the employ of the master after knowledge of such defect, is a question for the jury.

"There can be no assumption of risk by an employee without knowledge of the risk, as the doctrine of assumption of risk depends upon agreement or waiver, which depends upon such knowledge.

"It is the duty of the master when a servant is set to work in a dangerous place or with dangerous machinery, material or other appliances, where he knows, or ought to know, that the servant is not aware of the danger, to notify him of the same."

No one will dispute that these are correct general statements of the law. If instructions were desired as to what constitutes representation of the master and what the duties of the master are, or when assumption of the risk may be presumed from remaining in the employment of the master after knowledge or notice of the defect and of the danger, and as to when such notice or knowledge will be imputed, requests should have been submitted covering the modification or elaboration desired. *State* v. *Kendall,* 54 S. C., 192;

*Croswell* v. *Association,* 51 S. C., 103; *State* v. *Adams,* 68 S. C., 421, and authorities cited.

The defendant insists by his 12th exception that a charge on the facts was contained in the following instruction: "If the jury believe from all the evidence that the defendant is liable to the plaintiff for damages in this case, in estimating the same you may consider the following elements of damages if you find them to exist in this case: Loss of time to the plaintiff; expense incurred by reason of injury or sickness, if there was any; the physical and mental pain and suffering which the plaintiff has already endured by reason thereof, and also that which he is liable to experience in the future by reason thereof; the impairment of health resulting from such injury or sickness; the pecuniary loss sustained up to the trial of this case by reason of such injury or sickness, and the pecuniary loss to the capacity to earn in the future." As these elements of damage have universal judicial recognition, we can conceive of no view, and counsel have suggested none, in which this can be regarded a charge "in respect to matters of fact," the fact of injury not being in dispute.

The charge as to the duty of the master to use due diligence to discover latent defects quoted in the 14th exception is in accordance with the rule laid down in *Chase* v. *Electric Co.,* 64 S. C., 215, 41 S. E., 899.

The test of a master's duty in furnishing appliances is whether he furnished such as were reasonably safe and suitable, not whether they are "of the character ordinarily in use," and, therefore, the words just quoted from the defendant's request on this subject were properly stricken out. *Lowrimore* v. *Palmer Mfg. Co.,* 60 S. C., 153, 38 S. E., 430.

In the 16th, 17th and 18th exceptions, defendant complains of the admission and the exclusion of certain evidence, but no grounds are stated either in the printed case or the argument; hence we are unable to con-

sider these exceptions, and infer they are regarded of no importance.

The Circuit Judge having already charged in effect that the master was not liable for an injury due to the ordinary hazards of the business, or the rashness or negligence of the servant himself, the failure to repeat the instruction as a modification of plaintiff's request as to the master's duty to furnish safe appliances and a safe place, obviously was not error. The 19th exception is overruled.

The 20th and 21st exceptions complain of error in not charging certain propositions of law. The Circuit Judge made a general and comprehensive charge, embracing all the issues as they had been made to appear to him in the course of the trial. He then charged every request submitted by the defendant, with the slight modification above referred to in discussing the 14th exception. These requests did not include the proposition which it is now submitted should have been charged. It is manifestly too late to submit them now.

The defendant strenuously urges that the 1st and 7th exceptions should be sustained. They are as follows:

"1. Except because his Honor erred in charging the jury that 'it was the duty of the defendant company to keep the means and appliances and machinery in proper condition, to keep them in proper repair;' whereas, he should have charged the jury that it was the duty of the defendant company to furnish proper machinery and appliances to the engineer, to plaintiff herein, to enable him to operate the machinery; and it was the duty of the engineer to use said appliances in such manner as to keep the machinery and appliances in proper repair and in a reasonably safe condition.

"7. Because his Honor erred in charging the second request of the plaintiff, that is, 'It is the duty of the master to provide suitable machinery and appliances and keep them in proper repair, and the employee has the right to assume that the master has discharged his duty in this respect, and is not bound to exercise care in ascertaining whether the master

has so acted.'   The Judge should have charged in this case that it was the duty of the plaintiff, acting as engineer in charge of this machinery and appliances, to keep the same in proper repair."

It might be sufficient to say that the modifications now suggested were not presented to the Circuit Judge.   But if they had been, it would have been error to adopt them.   The defendant's position is that it was the duty of the plaintiff to see that the pipes were in repair while he had charge. Assuming this to be the duty ordinarily incident to plaintiff's employment, manifestly the defendant as master would not be allowed to supply an appliance which it knew to be defective, and then escape liability for injury to its servant, the plaintiff, due to the defect, on the ground that he was intrusted with the repair of the appliance, and failed to discover the defect.   Good faith in such case imposes on the master the duty to make known the defect.   From the statement of the issues of fact made at the beginning of this opinion, it will be seen there was testimony to the effect that the defendant, through its superintendent, was fully advised of the defect, yet it failed to make the defect known to the plaintiff, and he was in entire ignorance of it.   It is true, the superintendent denied the knowledge imputed to him, but upon this point the testimony raised a vital issue of fact. To have charged without qualification that it was plaintiff's duty to keep the pipe in repair, would have placed upon him responsibility to discover and repair a defect not known to him as servant, without respect to the duty of the defendant as master to impart to him as servant the actual knowledge of the defect imputed to it by some of the witnesses.   These exceptions are, therefore, overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

THE CHIEF JUSTICE *did not participate in this opinion because of illness.*