6843

ELMS v. SOUTHERN POWER CO.

1. WAIVER.—JURISDICTION of the person is waived by answering to the merits.
2. JURISDICTION.—If there be more than one defendant, the action may be tried in any county in which one or more of them reside.
3. MASTER AND SERVANT—NEGLIGENCE—ISSUES.—Whether the projection of a brace for an inch and a half over the rim of the bull-wheel of a derrick is an obvious danger or extraordinary or unusual is for the jury.
4. EVIDENCE.—Under allegations here evidence as to wealth of defendant company was properly admitted.
5. MASTER AND SERVANT.—CHARGE as to care in selecting servants and providing safe place for servant to work was harmless, as no question of selection of servants was made.
6. MASTER AND SERVANT—FELLOW SERVANT—NEGLIGENCE.—Charge as to rule of liability of master where his negligence and that of a fellow servant combines and commingles to produce injury to a servant approved.
7. IBID.—RISKS.—Charge that a servant assumes only known risks or such as would be known by a person of ordinary prudence, reason and sense, placed in the same circumstances, approved.
8. PUNITIVE DAMAGES.—If there was no motion for nonsuit as to punitive damages, or no request to charge that there was no evidence to

support them, this Court can not consider if there was any such evidence.

9. EXCEPTIONS assigning error in refusing to charge request only set out in argument will not be considered.

Before WILSON, J., Lancaster, October Term, 1907.   Affirmed.

Action by John M. Elms against Southern Power Company and James P. Rosamond.   From judgment for plaintiff, defendants appeal.

*Messrs. Morrison & Whitlock, Francis I. Osborne, Russell G. Lucas, W. C. Hough* and *Norman A. Cocke,* for appellants.

*Messrs. Morrison & Whitlock* cite: *Plaintiff assumed the risk, and is guilty of contributory negligence:* 58 S. E., 12; Shearman & Red. Neg., Secs. 212, 217. *Only negligence complained of was done by Rosamond:* 56 S. E., 9; 2 Lab., Secs. 508, 514, 515, 519, 586; 4 Thomp. on Neg., 933; 72 S. C., 237; 71 S. C., 53; 74 S. C., 419; 39 S. E., 708; 18 S. C., 270; 22 S. C., 557; 23 S. C., 526; 39 S. E., 510; 51 S. C., 96; 1 Q. B., 58; 145 N. Y., 190; 44 N. Y. Supp., 1; 86 Pa., 439; 32 Mich., 510. *What makes out case of punitive damages:* 38 S. E., 240; 39 S. E., 351. *Jurisdiction as to Rosamond:* 11 S. C., 122; 25 S. C., 385. *Servant assumes obvious dangers:* 20 Ency., 312; Shear. & Red., Sec. 212; 26 Cyc., 1217. *Servant can not recover for negligence of fellow-servant:* 56 S. E., 9; 72 S. C., 237; 71 S. C., 53; 74 S. C., 419; 39 S. E., 708. *Servant repairing machinery assumes risks growing out of defects:* 39 S. E., 708. *If servant chose dangerous way master is not liable:* 54 S. E., 110.

*Messrs. Francis I. Osborne, Russell G. Lucas* and *Norman A. Cocke* cite: *This Court should inquire if there is any*

*evidence to support plaintiff's charge:* 58 S. E., 13; 59 S. E., 365. *Defendant did not fail to perform any of the duties of the master:* 61 S. C., 491; 20 Ency., 132; 41 S. C., 388; Lab. on M. & S., Secs. 29, 268. *Safe place:* 61 S. C., 491; 20 Ency., 119, 132; 41 S. C., 388; 1 Lab. on M. & S., Secs. 335, 862, 865; 59 S. E., 365; 61 S. C., 491; 110 Ill., 340; 67 Mich., 61; 53 Wis., 661; 58 Wis., 1; 7 Wash., 178; 39 S. E., 507. *Plaintiff was injured by act of fellow-servant and defendant company not liable:* 79 S. C., 452; 58 S. E., 1019, 12; 56 S. E., 18; 71 S. C., 53; 75 S. C., 487; 72 S. C., 264; 74 S. C., 419; 70 S. C., 96; 39 S. C., 507; 18 S. C., 262; 25 S. C., 128; 18 S. C., 270; 23 S. C., 526; 39 S. C., 510; 51 S. C., 79; 71 S. C., 53; 72 S. C., 237. *Plaintiff was injured by risks he had assumed:* 22 S. C., 227; 59 S. E., 365; 20 Ency., 111-2, 115, 117; Lab. on M. & S., Sec. 30a; 26 Cyc., 1196, 1203, 1263; 72 S. C., 237, 264, 346; 74 S. C., 419; 70 S. C., 470; 55 S. C., 483; 75 S. C., 487; 70 S. C., 242; 27 S. C., 71; 21 S. C., 547; 66 S. C., 91; 58 S. E., 12; 56 S. E., 18. *No duty on defendant to warn of danger:* 55 S. C., 483; 72 S. C., 346; 58 S. E., 13; 27 S. C., 71; 26 S. C., 490; Lab. on M. & S., Secs. 237-8, 391, 600-1, 609; 4 Thomp. on Neg., Secs. 4061, 4074, 4076; Bail. Per. Inj. M. & S., Secs. 796-800, 2871, 2707-8, 2718; 20 Ency., 97; 72 S. C., 264. *Injury due to plaintiff's own negligence or his contributory negligence:* 58 S. E., 13; 59 S. E., 365; 56 S. E., 18; 77 S. C., 432; 72 S. C., 97; Lab. on M. & S., Secs. 258, 331, 333, 335; 20 Ency., 139, 144, 145, 146, 148; 140 Mass., 201; 123 N. Y., 280; 113 Mich., 476; 58 Minn., 333; 82 Ia., 286; 58 S. C., 413; 20 Cyc., 1249, 1263; 70 S. C., 470; 71 Minn., 150. *Defendant company being non-resident and Rosamond being resident of Greenville, Court had no jurisdiction:* 7 Ency., 694; Clark & Marshall on Corp., 352; 64 S. C., 162, 139; Code of Proc., 144-7; 54 S. E., 657, 218; 25 S. C., 385; 11 S. C., 122; 22 S. C., 276; 24 S. C., 392; 28 S. C., 313; 26 S. C., 70; 53 S. C., 118. *There being no evidence of wilfulness, evidence of wealth of defendant company was improperly ad-*

*mitted:* 75 S. C., 136, 116; 74 S. C., 1; 72 S. C., 350; 69 S. C., 160, 434; 60 S. C., 67; 57 S. C., 347; 13 Cyc., 212; 65 Minn., 473; 67 N. W., 1149; 30 Mo. App., 335; 73 Ga., 149; 26 Ia., 363. *Plaintiff can not recover merely upon proof of the accident:* 75 S. C., 102; 72 S. C., 398; 39 S. C., 39; 69 S. C., 529; 2 Lab. on M. & S., Sec. 837; Bail. Per. Inj., Sec. 363; 16 S. C., 444. *Master is not liable if he shows servant to do work in safe way and he does it in dangerous way:* 58 S. C., 513; 56 S. E., 18; 59 S. E., 365. *Risk assumed by servant in repairing machinery:* 41 S. C., 388; 20 Ency., 132; 69 S. C., 491; 41 S. C., 388. *Master may delegate superintending running machinery about which servant is engaged:* 56 S. E., 18; 39 S. C., 507. *Servant assumes all risks in repairing machinery of dangers within his knowledge:* 10 S. E., 449; 20 Ency., 132; 41 S. C., 388; 96 N. Y., 211; 16 Col., 219; 66 Ia., 305; 72 S. C., 346; 31 Cal., 376.

*Mr. J. Harry Foster,* contra, cites: *Duty of master to warn and notify:* Lab. on M. & S., Secs. 114, 420; 1 Am. St. R., 221; 16 Id., 775; 18 Id., 36; 10 Id., 827; 44 Id., 930; Elliott on Ry., Secs. 1283, 2023, 2024; 7 Am. St. R., 433; 60 Id., 117; 89 Id., 325; 31 Id., 349; 58 Id., 511; 33 Id., 908; 50 Id., 200; 72 S. C., 420; Thomp. on Neg., Secs. 4065, 3814, 4126, 4129; 55 Am. R., 169; 8 Am. St. R., 215; 24 Id., 722; 1 Id., 545; Cool. on Torts, 554. *Master must furnish safe place:* 72 S. C., 130; 69 S. C., 394; 73 S. C., 557; 3 Elliott on R. R.; 107 Am. St. R., 567; 64 Id., 38. *Master is liable for dangerous conditions of which he is cognizant:* Lab. on M. & S., Secs. 122, 129, 149. *In cases of exemplary damages evidence of wealth of defendant is competent:* Elliott on Ev., Sec. 1697; Thomp. on Neg., Sec. 7171; 5 Am. St. R., 417; 2 Id., 287. *Matter excepted to and appearing only in exceptions will not be considered:* 76 S. C., 125, 128; 27 S. C., 229; 36 S. C., 600; 37 S. C., 377. *Master is liable for failure to perform his duty or a non-assignable duty:* 72 S. C., 420; 18 S. C.,

270; Elliott on R. R., 20, 24. *Master must exercise due care in selecting servants:* 71 S. C., 57; 72 S. C., 271; 34 S. C., 211; 38 S. C., 211; 61 S. C., 468; 35 S. C., 405; 72 S. C., 130; 52 S. C., 446; 32 S. C., 302; 63 S. C., 576. *There is no assumption of risks without knowledge of them:* 72 S. C., 420; 63 S. C., 576; 53 S. C., 360; 73 S. C., 503; 52 S. C., 443; 60 S. C., 14; *Borley* v. *Railway,* 66 S. C., 48 S. C., 384; 53 S. C., 360; 71 S. C., 81. *Master is liable if his negligence, commingled with that of servant, caused injury to a servant:* Lab. on M. & S., Secs. 814, 813 pp. 2248-9; Thomp. on Neg., Secs. 4932, 4856, pp. 886, 888, Sec. 4856; 44 Am. St. R., 118; McKinney on Fellow-Servants, Sec. 16; 42 Am. St. R., 915; 32 Id., 621; 19 Id., 525; 15 Id., 180; 5 Id., 861; 1 Id., 25; 4 Id., 263; 100 N. Y., 516; Elliott on R. R., 2062; 110 Am. St. R., 700; 61 Id., 332; 28 N. E., 1091; 16 Am. St. R., 248; 109 Id., 309; 106 U. S., 702; 72 Am. St. R., 392; 108 Id., 351; 92 Id., 862; 94 Id., 263; Thomp. on Neg., Sec. 3859; 100 Am. St. R., 886; 18 R. A., 173; 59 L. R. A., 596; 47 S. E., 932.

April 2, 1908. The opinion of the Court was delivered by

Mr. Justice Gary. This is an action for damages alleged to have been sustained by the plaintiff through the negligence and wilfulness of the defendants.

The complaint alleges that the plaintiff, while in the employment of the defendant company, in the capacity of a mechanic or laborer, was working under the defendant, Rosamond, the foreman or superintendent, when a shive wheel of one of the derricks got out of repair; that the defendant, Rosamond, directed the plaintiff to cut out the shive wheel and repair the same; that Rosamond declined to stop the running of the derrick, and that plaintiff, in order to repair the shive wheel, was forced to put his foot between the shive wheel and the bull wheel; that when his foot was

in the narrow space between the said wheels, his leg was caught by a brace on the bull wheel, which projected beyond the rim, and was carried between the wheel and the framework of the derrick, and seriously injured.

The complaint alleges that the defendants were negligent in the following particulars:

In furnishing dangerous and defective machinery; in failing to provide a safe place for the plaintiff to work; by reason of the fact that the bull wheel did not run level and was not properly constructed; in that the bull wheel of the derrick had certain braces across it, which projected beyond the rim of the wheel, one of which projecting ends caught plaintiff's leg and pulled it between the bull wheel and the frame of the derrick; in that the defendants failed to notify the plaintiff of the projecting braces; and in that Rosamond refused to stop the derrick while plaintiff was making the repairs, but ordered him to make the repairs while the derrick was in motion.

It is alleged that these acts were wilfully, wantonly, recklessly and negligently committed jointly and concurrently by the defendants.

The defendants denied the allegations of negligence and wilful misconduct, and set up the defenses of assumption of risk, contributory negligence, and that the negligence, if any, that caused the injury was of a fellow-servant of the plaintiff.

The jury rendered a verdict in favor of the plaintiff for $5,000.00, and the defendants appealed.

The first question that will be considered is relative to the jurisdiction of the Circuit Court to hear the case.

At the March (1907) term of the Court, the defendants made a motion that the case be removed to Greenville or Chester County, on the ground that neither of the defendants was a resident of Lancaster County, but that the Southern Power Company was a resident of Chester County, and that Rosamond was a resident of Greenville County. The motion was granted, and the order re-

quired the cause to be removed to Chester County, but on appeal this order was reversed. The cause was tried at Lancaster, at the October' (1907) term of the Court, but before the trial commenced, the defendant's attorneys objected to the jurisdiction of the Court as to the defendant Rosamond, on the ground that he was not a resident of Lancaster County.

The question of jurisdiction related to the *person* and was waived by answering to the merits. *Garrett* v. *Herring Co.*, 69 S. C., 278, 48 S. E., 254.

Furthermore, Section 146 of the ·Code provides that, "if there be more than one defendant, then the action may be tried in any county in which one or more of the defendants to such action resides, at the time of the commencement of the action."

On the former appeal in this case (78 S. C., 323), the Court ruled that the Court in Lancaster ·County had jurisdiction of the Southern Power Company. The case, therefore, comes within the provisions of said section, and the exception raising this question is overruled.

We proceed to consider the pivotal question in the case, to wit: whether the danger to which the plaintiff was subjected was plain and obvious or extraordinary and unusual.

"The well-settled rule, as we understand it, is, that it is the duty of the master when a servant is set to work at a dangerous place or with dangerous machinery or other appliances, to warn the servant of the danger to which he is exposed, where he knows or ought to know that the servant is not aware of the danger." *Owings* v. *Oil Mill,* 55 S. C., 483, 33 S. E., 511; *Jennings* v. *Mfg. Co.,* 72 S. C., 411, 52 S. E., 113.

The plaintiff testified as follows: "I cut it nearly through and could not reach it, and I crossed over and found I could not cut down the bull wheel and the shive board, and would not be caught, and I only had a few licks to make, and just as I finished up the engine started and something struck my

leg, and I looked up right quick and I found out there was a projecting brace up across the wheel. I tried to pull loose from the brace, but it held me. Q. Did you know that the brace was there? A. No, sir. I never had been up on the machine before. Q. If that brace had not been on there, what would have been the consequence? A. I never would have been caught. Q. Did he (Rosamond) say who put it there? A. He said he had it done. Q. He knew it was on there? A. Yes, sir. Q. And he didn't tell you it was on there? A. No, sir; he told me this after I was in bed. Q. What part of the derrick was covered? A. There wasn't any part of the derrick that was covered, that I saw. I never saw a covered derrick. Q. All parts of it were visible to the eye? A. Yes, sir. Q. By an ordinary careful inspection you could have seen everything about that derrick in which you were injured, couldn't you, Mr. Elms? A. Well, if I had taken the time to look it over I could. Q. There wasn't any obstruction to the eye about any part? A. No, sir; I could not see from where they put me. Of course I wasn't able to go around and inspect them to see if there was anything wrong. I was told to go out to the shive wheel and that is where I went. Q. Well, Mr. Elms, what I want to know of you, is, if it would not have been any trouble to see these projecting braces you have testified to at all if you had looked? A. Well, I do not know about that. Well, now——. A. Yes, sir; I suppose if a man had looked he could have seen it. Q. He would have had no difficulty in seeing it? A. There is more than one brace on the bull wheel, you know. This one went across on top, and there are a lot of braces in the wheel. Q. I understand, but these that projected and caused your injury— A. It is— Q. One minute until I give you your question; I ask you what there was from where you were working when Mr. Rosamond left you to obstruct your view of these projecting braces? A. Well, there was nothing. Q. Well, then, if you had happened to have looked you would have seen those braces? A. It wasn't necessary for me to look. Q.

Please don't argue the question with me; just answer the question. Could you have seen them or not if you had looked? A. No, sir; I do not expect I could. Q. You don't think you could? A. No, sir. Q. Haven't you just testified that there was nothing to obstruct your view? A. Sure I did. Q. Why couldn't you have seen them if there was no obstruction? A. If a man isn't expecting anything—I wasn't expecting anything to be wrong about the bull wheel and naturally I did not look for any obstruction. Q. If you had happened to have looked could you have seen? A. If I had been looking for something I could. Q. Well, sir, that projection there was an unusual one, I understand? A. Yes, sir. Q. And if you had looked at it, it would have attracted your attention? A. No, sir. Q. It would not? A. No, sir; I do not think it would. Q. You would not have known then that it did project if you had looked? A. It is such a small projection—but I would have known sure if I had looked at it."

The braces, one of which injured plaintiff, were about six in number, and projected over the rim. This was done to stiffen the wheel, and to prevent the wires from flapping and slipping over the wheel. Rosamond knew that the braces were there, but did not tell plaintiff. The braces were two inches wide, three-quarters of an inch thick, were made of iron, and projected one and one-half inches over the rim. The braces were about seven feet long, and ran diagonally across the wheel. It was unusual for these braces to be placed upon a wheel, and when they projected over the rim they increased the danger.

The question whether the projection, which was an inch and a half over the rim, was an obvious danger or extraordinary and unusual, was properly submitted to the jury.

This view of the testimony disposes of the exceptions relating to the motion for nonsuit and the defenses hereinbefore mentioned.

The next assignment of error is because his Honor, the presiding judge, allowed the plaintiff to introduce testimony

showing the wealth of defendant company, when there was no evidence to warrant a recovery for exemplary damages. The testimony was responsive to the allegations of the complaint, and therefore the exceptions presenting this question are overruled.

The thirteenth exception is as follows: "That his Honor erred in charging the jury as follows: 1st. 'It is the duty of the master to exercise due care in the selection of servants, to furnish appliances reasonably safe and suitable, to provide the servants reasonably safe and suitable place in which to work, and to properly notify or warn the servant of known dangers existing in a place provided a servant to work.' The error consisting in his Honor's failure to define who are fellow-servants; what are appliances; and what is a safe place to work, under the law; and in that there was no allegation in plaintiff's complaint of negligence in the selection of servants, and that this question should not have been submitted to the jury; and there was no allegation in plaintiff's complaint of defective appliances and no evidence whatsoever of any defect in appliances, and that his Honor erred in the law, as to the degree of care placed upon the master. The true rule in the discharge of the master's duty being the ordinary care of a prudent man and not 'due care,' as stated by his Honor; and because there was no allegation in plaintiff's complaint that defendant had furnished a dangerous place in which to work, and there was no evidence that the place where the defendant placed the plaintiff to work was dangerous."

No question as to the selection of servants was involved in this case, and even if there was error, it has not been made to appear that it was prejudicial.

The 38th, 39th and 40th exceptions are as follows:

"That his Honor erred in giving plaintiff's eighth request to charge, which is as follows: 8th. 'If the jury find from the evidence that the master was negligent in any of the particulars mentioned in the complaint, but such negligence standing alone would not have caused

the injury, but that the injury, if any, was the result of the fellow-servant's negligence, concurring or commingling with the master's negligence, as alleged, the jury may render a verdict for the plaintiff.' The error consisting in holding the master responsible for the negligence of a fellow-servant.

39th. "That his Honor erred in giving the plaintiff's ninth request to charge, which is as follows: 9th. 'In order to relieve the master from liability, the negligence of the fellow-servant must have been the sole cause of the injury, if any, and not have commingled with or combined with the master's negligence as a proximate cause of such injury.' I charge you that. The error consisting in holding the master responsible for the negligence of a fellow-servant."

40th. "That his Honor erred in giving the plaintiff's tenth request to charge, which is as follows: 10th. 'If the jury find from the evidence that the negligence of the fellow-servant to the plaintiff, if any, unmixed with the defendant's negligence, if any, would not have caused the alleged injury, but commingled with the defendant's negligence as an efficient cause, they will render a verdict for the plaintiff.' The error consisting in holding the master responsible for the negligence of a fellow-servant."

The rulings of the presiding judge are so fully sustained by the numerous authorities cited in the argument of the respondent's attorney, that we do not deem it necessary to cite others.

The 42d exception is as follows: "That his Honor erred in giving the plaintiff's twelfth request to charge, which is as follows: 12th. 'The servant assumes the dangers incident to his employment, but does not assume the dangers of defective machinery, methods or surroundings, unless he knows it, or unless a man of ordinary prudence, reason and sense, placed in similar circumstances, ought to have known.' The error consisting in failing to instruct the jury in the standard of machinery required by the law, and in failing to define the legal requirements as to

methods or surroundings; and in charging the jury, 'unless he knows it or unless a man of ordinary prudence, reason and sense, placed in similar circumstances, ought to have known.' The law being that the servant assumes all risks of which he has knowledge, or of which he could have had knowledge by the exercise of the ordinary care of a prudent man."

So much of the exception as assigns error for failure to charge the jury in the manner therein pointed out, can not be sustained, as requests to that effect should have been presented by the appellant's attorneys, if they desired to make such failure a ground of appeal.

That part of the exception which assigns error in charging that "unless he knows it, or unless a man of ordinary prudence, reason and sense placed in similar circumstances, ought to have known," can not be sustained, for the reason that it is practically the same proposition as that which the appellants contend should have been charged.

The forty-fourth exception assigns error in charging the law as to exemplary or vindictive damages "when there was not an iota of evidence upon which the plaintiff should have been allowed to recover vindictive damages, there being no evidence that plaintiff was wilfully, wantonly and maliciously or recklessly or negligently injured."

The case of *Jennings* v. *Mfg. Co.,* 72 S. C., 411, 52 S. E., 113, shows that this exception can not be sustained, as there was no motion for a nonsuit as to the cause of action for punitive damages, nor a request to charge that under the testimony the plaintiff was not entitled to such damages.

The exceptions assigning error or in refusing to charge the defendant's requests can not be considered, as they are not set out in the record, but only appear in the argument of the defendant's attorneys. It has been ruled, time and time again, that this is not sufficient.

All the other exceptions have been considered except those which are not argued by the appellants' attorneys.

33—79

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES JONES and WOODS *concur in the result.*