Dawn Howell HOOKER, Administratrix of the Estate of Loren Dale Howell, Deceased, and Marjorie L. Garrett, Administratrix of the Estate of Paul Timothy Lovette, Deceased, Plaintiffs,

v.

RAYTHEON COMPANY, a Delaware corporation, Constance E. McCaffrey, Administratrix of the Estate of Hugh James McCaffrey, Deceased, and Richard Dowse, doing business as a co-partnership under the fictitious firm name and style of McCaffrey Brothers Sporting Goods, Defendants.

Civ. No. 235-61.

United States District Court
S. D. California,
Central Division.

Sept. 20, 1962.

Richard McLeod, Los Angeles, Cal., for plaintiff.

Lillick, Geary, McHose, Roethke & Myers, by David Brice Toy, Los Angeles, Cal., for defendant Dowse.

CRARY, District Judge.

This action seeks damages for wrongful death and is brought under the Jones Act, Death on High Seas Act and Common Law Act for Wrongful Death. Plaintiffs, by their first amended complaint, allege that the Defendants in said action on June 7, 1960, "were the owners and operators and/or charterers" of the vessel, "The Marie", which vessel, prior

to said date, was stationed in Santa Barbara, California. The complaint further alleges that prior to, on and subsequent to the 7th day of June, 1960, the vessel was caused to sink resulting in the death of the decedents involved.

█ It is admitted by Defendants Constance E. McCaffrey, as Administratrix, and Richard Dowse, dba as a co-partnership under the fictitious firm name and style of McCaffrey Brothers Sporting Goods, that the said vessel on or about June 7th was owned by the said Defendant Richard Dowse. The rights of the parties in the within action are to be interpreted under the Maritime Law. Intagliata v. Shipowners & Merchants Towboat Company, Ltd., 26 Cal.2d 365, at 371–372, 159 P.2d 1, at 5–6.

By the instant motion Plaintiffs seek to discover of Defendant Dowse

"INTERROGATORY No. 1: Is there any liability insurance which is, or which may be, applicable to plaintiffs' claims in this suit? If your answer is yes, please answer the following:

"A. What is the name of the insurance company?

"B. What are the personal injury limitations of this insurance policy?

"C. What are the terms of the policy?

"D. Who is the named insured, or insureds?

"E. Has the insurance company declined coverage or taken a reservation of rights? If your answer is yes, give the grounds on which the insurance company bases its denial or reservation."

█ Although relevancy to the subject matter for discovery purposes is to be distinguished from relevancy to issues involved for determining admissibility in evidence, it is noted that Rule 26 (b), Federal Rules of Civil Procedure, 28 U.S.C.A., provides, among other things, "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery

of admissible evidence." It would be reasonable to conclude that unless the discovery sought appears reasonably calculated to lead to discovery of admissible evidence, the interrogatories seeking the said information would properly be subject to objection.

█ Although the rules governing discovery are certainly entitled to a liberal construction so that all intended by their provisions may be discoverable, they must be interpreted as written and it appears to the Court that the search contemplated by the rules is one for facts which are admissible in evidence by reason of being relevant to an issue in the case or facts which are relevant to the subject matter involved because their disclosure might appear reasonably calculated to lead to the discovery of admissible evidence. Gallimore v. Dye, 21 F. R.D. 283 (E.D.Ill.1958); Roembke v. Wisdom, 22 F.R.D. 197, 199 (S.D.Ill. 1958); McNelley v. Perry, 18 F.R.D. 360 (E.D.Tenn.1955); Hillman v. Penny, 29 F.R.D. 159, 160–161 (E.D.Tenn.S.D. 1962); Langlois v. Allen, 30 F.R.D. 67 (D.Conn.1962).

Both the McNelley and Hillman, supra, are decisions of the judges of the United States District Court for the Eastern District of Tennessee subsequent to the decision of the Tennessee Court in the case of Brackett v. Woodall Food Products, Inc., 12 F.R.D. 4 (E.D.Tenn.1951). The Brackett case involved a suit for wrongful death arising out of a motor vehicle collision. The tenor of the Court's ruling was that the Rule should be interpreted liberally and that it is not necessary that the documents sought to be inspected be competent evidence in the trial of the case and that an inspection of the policy "may afford the plaintiffs rights of which they would otherwise not be able to avail themselves." It will also be noted that the Court in its opinion refers to a Tennessee statute requiring owners or operators of motor vehicles under certain circumstances to "show financial responsibility" which term is

defined as requiring specified minimum limits of liability by way of insurance policies or bonds. The Court goes on to say that from the tenor and purpose of this legislation it is obvious that the policies are definitely relevant to the subject matter of the pending actions.

In the Hillman case, supra, which involved suit for personal injuries arising out of an automobile accident, the Court, on page 160 of its opinion in 29 F.R.D., cites cases both granting and denying motions for discovery similar to that involved in the instant action and thereafter states that while recognizing the Rules are entitled to a liberal construction they also should be interpreted in the light of reason and experience.

"A construction should not be put upon them to accomplish change in existing procedure and practice merely for the sake of change."

The Court goes on to say that in considering Rule 26(b) it might well be contended that the disclosure of insurance coverage, the amount thereof and so forth, would render settlements more difficult and increase the probability of trial rather than contribute to a more prompt or more just settlement. On page 161, the court observes

"However it appears to the Court that the weight of reason is on the side of interpreting the rule as not contemplating or permitting the disclosure by discovery of insurance matters in the ordinary automobile accident case, where punitive damages are not involved and where the evidence would not be admissible upon trial nor reasonably lead to admissible evidence."

The Court in the Penny case again on page 161 of its opinion in 29 F.R.D. cites the case of Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649 (1955), and quotes therefrom at length. A portion of the quotation is as follows:

"If, perchance, we have the power under the enabling act to extend the discovery rules to permit discovery of information desired for the sole purpose of encouraging or assisting in negotiations for settlement of tort claims, it would be far better to amend the rule so as to state what may and what may not be done in that field than to stretch the present discovery rules so as to accomplish something which the language of the rules does not permit."

The most recent of the cases involving the question of the right to discovery re insurance coverage, the amount thereof and so forth, is the Langlois case, supra. The Court in that case, on page 68 of 30 F.R.D. in denying the discovery quotes from the opinion of the Connecticut Court in Flynn et al. v. Williams, 30 F.R.D. 66, as follows:

"There is much force in the practical argument, but the information sought is beyond the scope of discovery under the rule, for it is not relevant to any present issue in the action between plaintiffs and this defendant, nor can it conceivably lead to discovery of evidence on any present issue."

citing numerous cases.

The Court in the Langlois case distinguishes Novak v. Good Will Grange No. 127, Patrons of Husbandry, 28 F.R.D. 394 (D.Conn.1961), stating that in that case there was a relevancy of the information sought re insurance coverage since the issue whether possession and control of the building in which the insured suffered injury appeared to be pertinent.

The Court in McNelley v. Perry, 18 F.R.D. 360 cited hereinabove, observes at page 361, with respect to Brackett v. Woodall Food Products, supra, that it appeared in that case information relevant to insurance was material because the defendant was insolvent so that pro-ration of insurance may become an issue among various claimants.

The leading cases wherein discovery of insurance coverage was allowed include Brackett v. Woodall Food Products, supra, and Johanek v. Aberle, 27 F.R.D. 272 (D.Mont.1961) which involved a motor vehicle collision and a statute requiring financial responsibility in the form of a bond or other security unless the operator had an automobile liability insurance policy with the required limits at the time of the accident. See also Orgel v. McCurdy, 8 F.R.D. 585 (D.N.Y. 1948) and Hurt v. Cooper (Ky.1959) 175 F.Supp. 712.

After full consideration of the decisions relating to the question of discovery here involved, the Court concludes that the Federal Rules of Civil Procedure here concerned, although liberally construed, do not require the disclosure of insurance coverage, the amount thereof and so forth, in the circumstances in the instant case and that to hold otherwise would constitute an amendment of Rule 26(b) by opinion whereas if it is to authorize discovery of insurance coverage it should be so amended to include provision therefor.

By reason of the fact there is an issue in the case at bar as to the ownership, possession and control of the vessel involved, objections of Defendant Dowse to interrogatories of the Plaintiffs to said Defendant re discovery as to insurance coverage and so forth, as more particularly set forth hereinabove, are sustained without prejudice to said plaintiffs seeking discovery as to the existence of any liability insurance which is or which may be applicable to the Plaintiffs' claims in the within action and that if such discovery discloses a policy of insurance, an order for inspection thereof by the Court in camera for the purpose of determining whether any such insurance contains any provision relevant to the ownership, possession or control of the said vessel on June 7, 1960, or just prior and subsequent thereto.