**Clifford I. HOLLIMAN, Plaintiff,**

v.

**REDMAN DEVELOPMENT CORP., Defendant.**

**Civ. A. No. 73–612.**

United States District Court,
D. South Carolina,
Columbia Division.

Dec. 13, 1973.

W. Roy Shuford, Goose Creek, S. C., for plaintiff.

Robert A. Patterson, of Barnwell, Whaley, Stevenson & Patterson, Charleston, S. C., Jeter E. Rhodes, of Whaley, McCutchen, Blanton & Dent, Columbia, S. C., for defendant.

## ORDER

## ON PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES

HEMPHILL, District Judge.

Presented for decision is plaintiff's motion for an order requiring defendant to answer written interrogatories propounded by plaintiff pursuant to federal discovery rules.[1] Defendant has answered the interrogatories with the exception of Interrogatory No. 19 [2] wherein plaintiff, a citizen of South Carolina, seeks to discover the net worth of defendant corporation, organized under the laws of the State of Texas. Defendant refuses to answer on the ground that this fact is immaterial and irrelevant to the subject matter involved in this action.

In his complaint, plaintiff states that on September 1, 1972, as a result of defendant's allegedly reckless, careless, negligent, irresponsible, and knowingly willful and wanton acts, plaintiff's dwelling place caught fire, resulting in the destruction of much of plaintiff's valuable personal property. He further alleges that he was inconvenienced in his professional life, as well as his home life, and has been put to extensive trouble, aggravation, anxiety, and worry over both the replacement of some of the property and the irreplaceable loss of other property.

Plaintiff demands judgment against defendant corporation for actual damages in the sum of $30,000 and for punitive damages "in keeping with the worth of defendants as the jury and [sic] its discretion may award".

## ISSUE

Research convinces the court that the motion presents a question of first impression in federal courts, to wit: may a plaintiff, seeking both actual and punitive damages, obtain discovery of a defendant corporation's net worth?

## ANALYSIS

In order to answer the above question, the court must review some basic principles of discovery, evidence, and damages.

 Though an interrogatory under federal discovery rules must be relevant [3] to the litigation, the concept of relevancy is to be given a liberal interpretation. Bailey v. Meister Brau, Inc., 55 F.R.D. 211 (N.D.Ill.1972); General Telephone & Electronics Laboratories, Inc. v. National Video Corp., 297 F.Supp. 981 (N.D.Ill.1968); Pilling v. General Motors Corp., 45 F.R.D. 366 (D.Utah 1968); Oil Tank Cleaning Corp. v. Reinauer Transportation Co., 149 F.Supp. 401 (E.D.N.Y.1957); V. D.

---

1. 28 U.S.C.A., Fed.R.Civ.P. 33 and 26 (1970).

2. Please state the net worth of Redman Development Corporation according to their latest financial statement and, if you will do so without a formal Motion to Produce, attach copies of the current financial statement.

3. Fed.R.Civ.P. 26(b)(1) (as amended 1970) provides:

(b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) In General. Parties may obtain discovery regarding any matter, not privileged, *which is relevant to the subject matter involved in the pending action,* whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. (Emphasis added).

**490**

Anderson Co. v. Helena Cotton Oil Co., 117 F.Supp. 932 (E.D.Ark.1954). Relevancy required as to interrogatories is not equated with that ordinarily used in determining the admissibility of evidence. The test is the relevancy *to the subject matter* which is broader than the relevancy *to the issues presented* by the pleadings. Dimenco v. Pennsylvania R. Co., 19 F.R.D. 499 (D.Del.1957); Transmirra Products Corp. v. Monsanto Chemical Co., 26 F.R.D. 572 (S.D.N.Y. 1960); Triangle Mfg. Co. v. Paramount Bag Mfg. Co., 35 F.R.D. 540 (E.D.N.Y. 1964)[4]

■■ If documents are relevant and not prepared in anticipation of litigation, they are discoverable without a showing of undue hardship and substantial need. Thomas Organ Co. v. Jadranska Slobodna Plovidba, 54 F.R.D. 367 (N.D.Ill.1972). The documents, files, records, and books of a corporation, when relevant, may be required by a court order to be produced, inspected, or copied. Colonial Airlines, Inc. v. Janas, 13 F.R.D. 199 (S.D.N.Y.1952); In re Indusco, Inc., 15 F.R.D. 7 (S.D.N.Y.1953).

■ Erie R. Co. v. Tompkins, 304 U. S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)[5], is authority for the proposition that, in the absence of a federal statute, the substantive law that controls a federal case based on diversity of citizenship is the law of the state in which the federal court sits, unless another state's law is applicable under conflict-of-law principles. In this case, South Carolina state law applies in the absence of a federal rule on the issue now before this court.

Ordinarily, the financial status of the parties is not to be inquired into in the trial of a law suit, but evidence tending to prove the pecuniary condition of parties to the action, or of other persons, is admissible when relevant to the issues in the case. 31A C.J.S. Evidence § 177.

■ Both the relevancy and the admissibility of a party's pecuniary condition depend on the circumstances of the particular case. In this case, plaintiff is seeking both actual and punitive damages. Whether evidence of defendant corporation's pecuniary condition is admissible is a question not yet before this court since the progress of this case has not passed the discovery stage. In applying South Carolina law, this court finds that the state supreme court considers the net worth of a defendant relevant, as well as admissible, on the issue of punitive damages. Elms v. Southern Power Co., 79 S.C. 502, 60 S.E. 1110 (1908); Johnson v. Atlantic Coast Line R. Co., 142 S.C. 125, 140 S.E. 443 (1927); Charles v. Texas Co., 199 S.C. 156, 18 S.E.2d 719 (1942); Hicks v. Herring, 246 S.C. 429, 144 S.E.2d 151

---

4. For instruction on the scope of general relevance, see Bailey v. Meister Brau, Inc., supra; Horizons Titanium Corp. v. Norton Co., 290 F.2d 421 (1st Cir. 1961); DaSilva v. Moore-McCormack Lines, Inc., 47 F.R.D. 364 (E.D.Pa.1969); Wood v. Todd Shipyards, 45 F.R.D. 363 (S.D.Tex.1968); Berry v. Haynes, 41 F.R.D. 243 (S.D.Fla.1966); Cox v. E. I. Du Pont de Nemours & Co., 38 F.R.D. 396 (D.S.C.1965). As to inquiry into matters useful in discovering admissible evidence, see Freeman v. Seligson, 405 F.2d 1326 (D.C.Cir.1968); Metal Foil Products Mfg. Co. v. Reynolds Metals Co., 55 F.R.D. 491 (E.D.Va.1970); Bailey v. Meister Brau, Inc., supra; Carrier Mfg. Co. v. Rex Chainbelt, Inc., 281 F.Supp. 717 (E.D.Wis.1968); Hooker v. Raytheon Co., 31 F.R.D. 120 (S. D.Cal.1962).

5. Except in matters governed by Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern. There is no federal common law. Congress has no power to declare substantive rules of common law applicable in a state whether they be local in their nature of "general", be they commercial law or a part of the law of torts. And no clause in the Constitution purports to confer such a power upon federal courts. 304 U.S., at 78, 58 S.Ct., at 822, 82 L.Ed., at 1194. See the excellent treatment in Wright, Law of Federal Courts (2d ed. 1970), §§ 55–60, pp. 223–253.

(1965).[6] In Calder v. Southern Ry. Co., 89 S.C. 287, 71 S.E. 841, 846 (1911), the court stated:

> The reason of [sic] the rule admitting evidence of the defendant's wealth and pecuniary ability rests in the consideration that a pecuniary mulct which would operate as a sufficient punishment to a man of small means would be inadequate in the case of a person of great wealth, and what would be a proper penalty in the latter case would be excessive and immoderate in the former. The rule admitting such evidence is indeed, it has been said, a fair corollary of the rule of exemplary damages.

The apparent absence of federal appellate or district court decisions on the discoverability of a litigant's net worth does not negate the justice of the allowance. The state decisions referred to limit the pursuit to those cases where punitive damages are involved. This case does not involve a litigant which would ordinarily be expected to carry liability insurance (more often than not required by statute), such as automobile owners and drivers. This is not a case in which the inquiry as to this defendant is as to liability insurance, and this is not a proceeding supplementary to, or in aid of the collection of, a judgment. The desirability of knowing, in a case involving punitive damages, whether defendant can respond, may be of infinite value to counsel for both sides in making a realistic appraisal of the case.

As Roszel C. Thomsen, former Chief Judge, now Senior District Judge, United States District Court, District of Maryland, stated to the Judicial Conference of the Fourth Circuit in his Address on Proposed Changes in the Federal Rules of Civil Procedure, delivered July 1, 1967, as a member of the Advisory Committee on Rules to the Judicial Conference of the United States Supreme Court:

> The Committee believes that disclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case; it will *lead to settlement* in some cases and *avoid protracted litigation* in others. The amendment is limited to insurance and indemnity coverage, *as distinguished from any other facts concerning defendant's financial status*; first, because insurance is an asset created specifically to satisfy the claim; second, because the insurance company ordinarily controls the litigation; third, because the information about it is available only from defendant or his insurer. (Emphasis added).

■ This court believes the above rationale applies to a defendant's net worth. Plaintiff's knowledge of defendant's net worth may lead to settlement and avoid protracted litigation. Evidence of a defendant's solvency or insolvency is clearly relevant to the subject matter of this action for actual and punitive damages and therefore discoverable.

A review of some of the decisions employing or treating the rationale of the Advisory Committee on Rules reveal that, generally, the issue is not whether the information sought is admissible [7] or relevant to the precise issue, but whether it is relevant to the subject matter of the action, and discoverability is allowed when there is some connection between the information sought and the action itself. Johanek v. Aberle, 27 F.R.D. 272 (D.Mont.1961).[8]

---

6. While the wealth of a defendant is a relevant factor in assessing punitive damages, it is not necessarily controlling. There is no requirement that the defendant be a man of means before the jury is justified in awarding punitive damages. (Citation omitted). *Id.*, 144 S.E.2d at 154.

7. This decision, neither by finding or dicta, *is not* a determination that the information is admissible upon trial of the issues of this case.

8. Citing Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649 (1955).

In Hooker v. Raytheon Co., 31 F.R.D. 120 (S.D.Cal.1962), the court allowed discovery of liability insurance, recognizing its relevance on the issue of ownership. In Greene v. Raymond, 41 F.R. D. 11, 13–14 (D.Colo.1966), the court allowed discovery stating: "[o]nly after the interrogatories have been found to be relevant should the court order them to be answered."

In Cook v. Welty, 253 F.Supp. 875, 877 (D.D.C.1966) the court recognized that "information concerning liability insurance and its extent is conducive to fair negations and to just settlements", and approved discovery since "[n]o showing has been made that the defendant or his insurance carrier may be prejudiced by furnishing the information."

In Mahler v. Drake, 43 F.R.D. 1 (D. S.C.1967), this court followed the Committee on Rules (and Chief Judge Thomsen) in allowing discovery of liability insurance limits, in furtherance of justice and for the stated purpose of avoiding protracted litigation.

Deveaux v. Millis Transportation Co., 43 F.R.D. 505, 508 (D.Conn.1967) sanctioned discoverability of policy limits as potentially facilitating the settlement and disposition of cases, recording:

> The only possible prejudice to the insurance company is the loss of the tactical advantage of maintaining a cloak of secrecy around the financial status of the defendant. Refusal to order disclosure, results in the fostering of the "sporting theory of justice", which it is the intent of the discovery rules to eliminate.

Vetter v. Lovett, 44 F.R.D. 465, 466 (W.D.Tex.1968) reflected that "[s]ince the Court is convinced that disclosure of the information sought with respect to the insuring agreement will promote a "search for the truth", the defendant is ordered to answer the interrogatories."

Landham v. O'Laughlin, 45 F.R.D. 240, 241 (S.D.Iowa 1968) determined that "the better reasoning resides in those cases announcing the liberal rule of discovery", and, convinced that settlement chances would be enhanced thereby, ordered discovery of the liability coverage amount.

Citing Rule 26(a) [9]. Tighe v. Shandel, 46 F.R.D. 622, 624 (W.D.Pa.1968), ruled that admissibility is not the test, and discovery of the insurance coverage was "reasonably calculated to lead to the discovery of admissible evidence".

The reason for the trend of allowing discovery is that knowledge on the part of both sides as to defendant's insurance often facilitates settlement, a desirable goal in federal courts with crowded dockets. Schwentner v. White, 199 F.Supp. 710 (D.Mont.1961).

This court would hesitate to order discovery of the net worth of a defendant absent some showing of relevance. Whether, absent a claim for punitive damages, the court would sanction discovery of such facts depends on the facts of each case. If the party which is target of the discovery can show prejudice, the court would, and should, carefully consider the impact of discovery before allowing it. It appears each case must stand on its own facts.

Justification for production has been demonstrated here under applicable South Carolina law. Defendant has placed no evidence of prejudice on the record of this court.

9. 28 U.S.C., Fed.R.Civ.P. 26(a) (1970) provides:
General Provisions Governing Discovery.
(a) Discovery Methods. Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; and requests for admission. Unless the court orders otherwise under subdivision (c) of this rule, the frequency of use of these methods is not limited.

## CONCLUSION

Defendant shall answer the interrogatory or furnish the material from which the information can be gained, as contemplated in 28 U.S.C., Fed.R.Civ.P. 33(c)(1970).

And it is so ordered.