### 7514

DILLESHAW v. CHAR. & WESTERN CAR. RY. CO.

1. CARRIER—PASSENGER—NEGLIGENCE—ISSUES.—The highest degree of care required of the carrier for its passenger does not require the Court to say as matter of law that it is negligence *per se* to permit holes or depressions on the station premises. Here the evidence as to the nature and size of the hole is not such as to exclude any other reference than that the carrier was guilty of negligence in not observing it and having it filled up.

2. IBID.—IBID.—CONTRIBUTORY NEGLIGENCE—ISSUES.—Where a hole on station premises is not shown not to have been in plain and open view of a passenger, it is for the jury to say if he heedlessly stepped in it.

3. APPEAL.—Where a party does not request the Court to withdraw issues raised by the pleadings from the jury, he cannot complain of failure to do so.

Before C. C. FEATHERSTONE, Special Judge, Greenwood, April term, 1909. Affirmed.

Action by J. L. Dilleshaw, against Charleston and Western Carolina Ry. Co. From judgment for defendant, plaintiff appeals.

*Messrs Giles* and *Ouzts,* for appellant, cite: *An instruction should not be given when there is no evidence to support it:* 66 S. C., 250; 60 S. C., 387; 67 S. C., 146. *Requests should be charged or refused:* 66 S. C., 447; 67 S. C.,*181. Carrier was negligent in permitting a hole on premises:* Code, 1902, 2157; 77 S. C., 371; 58 S. C., 223; 53 S. C., 121.

*Mr. S. H. McGhee,* contra, cites: *Request should be submitted to charge principle of law does not apply:* 50 S. C., 49. *Duty of carrier to passenger:* 39 S. C., 162; 66 S. C., 6, 528; 74 S. C., 89. *Exact words of a request not required to be used:* 28 S. C., 29; 51 S. C., 296. *Court could not charge having hole on premises was negligence per se:* 66 S. C., 77; 51 S. C., 296; 53 S. C., 448.

March 22, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought to recover damages for an injury to plaintiff's foot and ankle, the allegation of the complaint being that the plaintiff, while waiting as a passenger at defendant's station in Greenwood, fell and injured himself by stepping into a hole, negligently, wantonly and wilfully left by the defendant on the outside of the door leading from defendant's waiting room. The verdict and judgment was in favor of defendant.

The Court instructed the jury that there was no evidence of wilfulness or wantonness, and that, therefore, the verdict could not include punitive damages; and there is no exception on this point. On all the other points the instructions requested by the plaintiff were given to the jury, except in one slight particular not involved in the appeal. In giving

the requests, however, the Circuit Judge said to the jury that they must be taken in connection with the general charge and as modified by it. Careful examination of the charge does not enable us to find that the instructions given at the request of the plaintiff were modified in any respect, in the general charge and the exceptions do not point out any modification.

All the witnesses testified that there was a hole or depression outside the door of the waiting room; and the Court submitted to the jury as a question for their decision whether the defendant was negligent in permitting it to remain there. The plaintiff insists that, instead of this instruction, the Court should have charged that it was negligence *per se* for the defendant to allow the hole to remain, and that if the plaintiff was injured by stepping into it, the verdict should be in his favor.

There is no doubt that if the defendant makes out the plaintiff's cause of action by evidence which admits of no other inference than that the plaintiff is entitled to recover, it is the duty of the Court to direct a verdict for the plaintiff, leaving it to the jury, if the damages are unliquidated, to fix the amount only. *Hollings* v. *Banker's Union,* 63 S. C., 193, 41 S. E., 90; *Lyon* v. *Charleston Railway,* 77 S. C., 328, 58 S. E., 12. The principle, however, does not apply here, for the evidence as to the nature and size of the hole or depression is not such as to exclude any other inference than that the defendant was guilty of negligence in not observing it and having it filled up.

I. N. Simmons, a witness for the plaintiff, and M. B. Sanders and T. D. Moseley, witnesses for the defendant, agreed substantially in their testimony that the hole or depression was two to four feet long and a foot and a half to two feet wide, somewhat in the shape of a basin, perfectly smooth at the bottom, and at the lower part four to five inches lower than the bottom of the door sill. These witnesses further substantially agreed that there was really no hole but a

depression or worn place such as is frequently found at the bottom of a doorstep caused by sweeping and frequent stepping of persons going and coming. Two other persons had fallen at the same place, but there was no evidence that the attention of defendant's agents had been called to the existence of the depression, or that, before the accident to plaintiff, they knew that any other persons had fallen. From this statement of the evidence as to the nature of the depression, it seems clear that the Court could not hold as a matter of law that the defendant was guilty of negligence in not filling up the depression. In holding a carrier to the highest degree of care for the safety of its passengers, the Court cannot lay it down as a rule of law that the highest degree of care requires the carrier to see that the station grounds are kept free from any depressions or irregularities. There was, therefore, no error in submitting the issue of defendant's negligence to the jury.

The Court was also right in submitting to the jury the issue of contributory negligence. There was no evidence that the hole or depression was not in plain and open view of the plaintiff, and it was for the jury to say whether he stepped heedlessly into it.

But even if the evidence had warranted the Court in charging the jury that the defendant was guilty of the negligence charged, or that the plaintiff was not guilty of contributory negligence, the plaintiff could not complain; because no requests were submitted that the Court should withdraw from the jury these issues made by the pleadings. Circuit Court rules, No. 77, *Jennings* v. *Edgefield Mfg. Co.,* 72 S. C., 411, 52 S. E., 113; *Horn* v. *Southern Ry.,* 78 S. C., 73, 58 S. E., 963; *Quick* v. *Mill Co.,* 78 S. C., 481, 59 S. E., 365.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.