6647

## ROBERTS v. HERRON.

Wills—Limitation of Estates—Remainders.—Under a devise "to my wife M.——, the following pieces of property * * * to have and to hold the same until my two children, Mary and William, shall become of age, then to be divded in equal shares, between my wife and my two children above named, and to share and share alike," the children take vested remainders, and on their deaths before attaining majority, their interests pass to their heirs at law, and

partition may be had between them and the wife, at the time when the children would have attained their majorities.

Before WATTS, J., Charleston, March, 1907. Affirmed.

Action by Catherine E. Roberts, in her own right and as administratrix of Mary Crum Herron and William Herron, against Mary Ella Herron, and herself and Joseph A. Purcell as executors of Wm. A. Herron. From Circuit decree, defendants appeal.

*Mr. Jno. B. Edwards,* for appellants, cites: 6 Ency., 901, 902; 4 Jones, 249; 2 Jar. on Wills, 506, 518; 1 Hill Ch., 320, 357; 26 S. C., 472; 2 S. C., 72; Ferne on Rem., 738; 1 Rich. Eq., 321; 13 S. E. R., 936; 10 S. C., 376; 23 S. C., 510; 6 Wall., 476; 1 Ferne on Rem., 24; 2 Jar. on Wills, 520-1; 3 Jar. on Wills, 704; 4 Kent. Com., 125; 6 Ency., 400; 2 Red. on Wills, 664; Moorman's Manual, 22; 26 S. C., 467; 29 Ency., 467; 50 S. C., 208.

*Messrs. Buist & Buist,* contra, cite: 51 S. C., 271: 1 Strob. Eq., 43; 1 Hill Ch., 358; 2 Coke. E. K. B., 19; 1 Eq. Cas. Abgd., 195.

September 10, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for partition, and involves the construction of a will.

William A. Herron died on the 3d of November, 1893, leaving of force his last will and testament, which contained the following clauses:

"1st. I give, devise and bequeath to my wife, Mary Ella Herron, the following pieces of property, to wit: House and lot, No. 84, north side of Morris street; house and lot, No. 82, north side of Morris street; house and lot, No. 80, north side of Morris street; houses and lots, Nos. 1 and 2, De Reef's Court. To have and to hold the same until my two

children, Mary and William, shall become of age, then to be divided in equal shares between my wife and my two children named above, and to share and share alike.  *  *  *

"3d. House and lot, No. 80 Morris street, now occupied by Mrs. Vanderhost, I desire her to remain during her lifetime, and after her death then to revert to my wife, Mary Ella Herron, and to my two children, Mary and William."

The facts are thus stated in the report of the master: "That the said William A. Herron left surviving him, as his only heirs at law and distributees, his widow, the defendant, Mary Ella Herron, who was his second wife, and his two children, Mary Crum Herron and William Herron, whose mother, Almona Isabel Herron, who was the daughter of the plaintiff herein, was the first wife of the said William A. Herron.

"Mary Crum Herron died intestate, unmarried, under age and without issue, on or about the first day of February, 1901, leaving as her only heir at law and distributee her brother, the said Wiliam Herron.  On the 22d day of October, 1904, the plaintiff, Catherine E. Roberts, who was the grandmother of Mary Crum Herron and William Herron, was duly appointed administratrix of the estate of Mary Crum Herron by the judge of probate for Charletson County, and took upon herself the burthen of the administration of the said estate.

"William Herron died intestate, unmarried, under age and without issue, on or about the 18th day of June, 1904, leaving as his only heir at law and distributee his grandmother, the plaintiff, Catherine E. Roberts.  On the 22d day of October, 1904, the said Catherine E. Roberts was duly appointed administratrix of the estate of William Herron, deceased, by the probate judge for Charleston County, and took upon herself the burthen of the administration of the said estate."

The master ruled that the children of the testator—Mary Crum Herron and William Herron—took vested remainders

under the will, and his report was confirmed in all respects by his Honor, the Circuit Judge.

There are several exceptions, but they are all dependent upon the determination of the question presented by the first exception, which is as follows: "Because the said master erred in finding and reporting that 'the two children of the testator, Mary Crum Herron and William Herron, took vested remainders in the fee in the premises named, which upon their deaths passed to their distributees or legatees,' when he should have found and reported that the said children took no estate in said premises since they failed to reach their majority, which was the contingency upon which they were to take; and his Honor, the presiding Judge, erred in not so holding."

The rule for determining whether remainders are vested or contingent is thus stated in the case of *Faber* v. *Police,* 10 S. C., 376, 387.

"According to the elementary writers, a vested remainder is one which is limited to an ascertained person in being, whose right to the estate is fixed and certain, and does not depend upon the happening of any future event, but whose enjoyment in possession is postponed to some future time. A contingent remainder, on the other hand, is one which is limited to a person not in being or not ascertained; or, if limited to an ascertained person, it is so limited that his right to the estate depends upon some contingency in the future. So that the most marked distinction between the two kinds of remainders is, that in the one case the right to the estate is fixed and certain, though the right to the possession is deferred to some future period; while in the other the right to the estate, as well as the right to the possession of such estate, is not only deferred to a future period, but is dependent upon the happening of some future contingency. As it has been well expressed, 'it is not the uncertainty of the estate in the future, but the uncertainty of the right to such enjoyment, which marks the difference between a contingent and a vested remainder.'"

Our construction of the will is, that the testator had in view two objects: (1) It was his intention that the land in dispute should be divided, share and share alike, between his widow and his two children; and (2) that the widow should have the right to the possession of the land until the children attained their majority, at which time the division was to take place.

The appellant's attorney in his argument says: "The testator did not contemplate the death of his two children, before they reached their majority, and, therefore, made no provision for such an event, and the Court cannot undertake to supply such an omission."

This is correct, but we are unable to discover in the will a single expression which tends to show that the right of the children to the estate was uncertain, but that the uncertainty related to the time the widow was allowed to hold possession of all the land before the division could take place. As the widow, under the terms of the will, was only entitled to one-third of the land, and the possession of all until the children became twenty-one years of age, and as the time has expired within which the children would have attained their majority, we fail to see by what right she can claim to be the owner of *all* the land.

We recognize the principle announced in all the authorities relied upon by the appellant's attorney, that when the right of a devisee is dependent upon the contingency of his living until he becomes twenty-one years of age, and he dies before that time, his contingent interest is defeated and cannot be transmitted to his representatives.

But, as we have said, this case does not fall within that principle. *Cole et al.* v. *Creyon,* 1 Hill's Ch., 320; *Bankhead, Adm'r,* v. *Carlisle, Adm'r,* 1 Hill's Ch., 358; *Bently* v. *Long,* 1 Strob. Eq., 44.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.