### 8440

### SANDERS v. CHARLESTON & WESTERN CAROLINA RY.

1. Charge—Highways—Crossing Signals.—Where no requests are submitted and the Court substantially charges the law applicable to the case there is no error. Here the Court correctly instructed the jury that plaintiff could not recover unless his injury was caused by failure to give signals at a public road crossing.

2. Ibid.—Ibid.—Ibid.—The charges here complained of held to have given the jury in a practical common sense way the law of crossing signals and the liability of a railroad for failure to give them on approaching a public road.

3. NONSUIT—VERDICT.—That there was no evidence to support the verdict should be made by motion for nonsuit or motion to direct a verdict during trial.

4. RAILROADS—CROSSINGS.—Passing over a highway crossing without giving the crossing signals and the fireman leaving his post while he should have been giving them, is some evidence of wilfulness in an injury at a point near such crossing.

5. IBID.—IBID.—CHARGE.—Where a complaint alleges an injury was caused by failure to give the statutory crossing signals and to maintain a signpost at a crossing and the case is tried on the theory of failure to give the statutory crossing signals, it is not prejudicial error in the Judge to overlook drawing the difference between the degrees of negligence necessary to defeat a recovery in a statutory action for failure to give the signals and in a common law action for failure to maintain a signal post, when the former is given.

Before PRINCE, J., Beaufort, March, 1912.    Affirmed.

Action by Dewey Sanders against Charleston and Western Carolina Railway. Defendant appeals. So much of the charge as is referred to in the exceptions and opinion is:

"Now, under our statute, in order for negligence on the part of the plaintiff, where it is once shown by the greater weight of the evidence that the plaintiff was injured at a public crossing, highway or public road in order for his contributory negligence to defeat his recovery the jury must be satisfied by the greater weight of the evidence that he was guilty of failure to exercise slight care, he must be guilty of gross negligence in order to defeat his recovery where he is injured at a public crossing, he must have failed to exercise on his part the slightest care for his own safety, and if he was guilty of gross negligence which contributed as a proximate cause to his own injury and without which it would not have happened he cannot recover, even though you should conclude that the defendant company had been negligent as alleged in the complaint.

"Now, Mr. Foreman, the law does require a railroad company at every crossing where its road crosses a public road

to place a signboard on which is written 'Railroad Cross-
ing,' that applies to a public road crossing not for a planta-
tion road or private road, such roads, Mr. Foreman, as are
worked and operated and kept up by the county or public
roads, neighborhood roads, those are the kind of roads,
those are the kind of roads at which a railroad is required to
put up a signboard.  Now, the statute does not require
them to put up a signboard at a plantation road where a
private way crosses a railroad, so in order for it to be the
duty of the railroad to have a signboard at the crossing
complained of here where it is alleged this accident occurred,
if it occurred at all, for it to have been the duty of the rail-
road to have had such a signboard the jury must be satisfied
by the greater weight of the evidence that was a public road,
either a highway or a neighborhood road.  Now, then, as
to the other phase of the case, if that was not a public road
in the sense of being a neighborhood or a highway, then the
railroad is under no obligation to have that signboard there
and would be guilty of no negligence in failing to have it,
but if it was a public highway or public road in the sense
that it was a neighborhood road, a road that is used by the
public generally in going to church, going to mill, or where
it connects two public highways and it has been so used by
the public adversely for twenty years that is a neighbor-
hood road, and it was the duty of the railroad to have a sign-
board there, if it is both or either of these, either a mill
road or church road, or connecting two public highways,
and has been used by the public adversely for twenty years
that is a neighborhood road and that is a public road.

"Now, when we come to the signal statute the language
of the statute is that they must ring the bell or blow the
whistle for at least 500 yards before they reach the crossing
where it crosses any public highway or street or traveled
place.  Now, was this a public highway, street or traveled
place, if it was a mere private way, a mere farm road it was
not, unless the public were accustomed to travel it to such

35—93

an extent as to make it a traveled place where people would be expected to be seen by any man of ordinary reason and prudence. If it was a traveled place and it was a crossing, or if it was a public road then it was the duty of the railroad company in approaching that crossing to blow the whistle or ring the bell and continue to do one or the other for at least 500 yards before it crossed it, and failure to do that, to observe that statutory signal is negligence *per se,*—that would be negligence, and if that negligence was the proximate cause of the plaintiff's injury and the plaintiff did not by gross negligence contribute to his own injury as a proximate cause without which it would not have happened the railroad would be liable, but in order for it to have been their duty to have rung the bell or blown the whistle for 500 yards before reaching the crossing you must decide by the greater weight of the evidence that it was a public road, or a highway or street, or at least a traveled place. Now, if it was either, then it was the duty of the railroad to ring that bell for 500 yards, before reaching that crossing or blow the whistle, one or both. Now, gentlemen, if it was a public road, or street, or traveled place, then the inquiry is, was the bell rung for five hundred yards, or was the whistle blown so as to give warning of the approach of the train, and a failure, I say, to have done one or the other, to have complied with the statute in that respect would be negligence *per se* if that failure was the proximate cause of the injury to plaintiff and he did not contribute to his own injury by gross negligence if he was injured on a crossing then he would be entitled to recover. If the failure to ring the bell or blow the whistle if it was a public road or street or traveled place was due to conscious disregard of duty or reckless disregard of duty and not to mere negligence, then that would be wilfulness and would entitle the plaintiff to recover, if he is entitled to recover at all, punitive damages, but in order to justify punitive damages there must have been wantonness, recklessness or wilfulness, punitive damages are

never predicated upon mere negligence however gross unless it is so gross as to imply wilfulness, wantonness or recklessness, but if it is so gross as to imply that it was wilful, wanton, or reckless why, then, it would justify punitive damages. What I mean to say, Mr. Foreman, and what I want you to get at is that I tell you that a failure to ring the bell or blow the whistle if that was a public road or street, or traveled place, is negligence *per se,* I don't say that it is wantonness, recklessness or wilfulness *per se,* that depends on the circumstances, if their failure was due to recklessness or wantonness, or wilful disregard of the rights of plaintiff it would justify punitive damages, if it was a negligent failure, and that negligence was the proximate cause of the plaintiff's injury, then plaintiff would be entitled to actual damages, such actual damages as would naturally flow from the injury that was the proximate result of the defendant's negligence. Now, where there has been a personal injury a case of actual damages in fixing the damages the jury may take into consideration his incapacity that results from the injury, his suffering, his physical anguish, the amount of money expended by him for treatment, any expense incurred, those are proper elements for you to consider in considering actual damages; of course, you have to go to the testimony to arrive at that, I cannot help you on that. Now, punitive damages are allowed not only to compensate the party who is injured through the wrongful misconduct of another, but they are allowed for the purpose of punishing the wrongdoer, so that if you find the plaintiff is entitled to recover at all in this case punitive damages you would allow him not only such damages as would actually compensate him for the injury done him but also such damages as would adequately punish the railroad for its wrongdoing, if there has been wrongful conduct established by the greater weight of the testimony, and when I say wrongful conduct I mean wilful, wanton or reckless misconduct, I don't mean mere negligence, because that would be only

compensated for in actual damages, you could only allow
actual damages for that."

*Messrs. F. B. Grier* and *W. J. Thomas*, for appellant.
*Mr. Grier* cites: *What is a public road?* 33 N. E. 987; 104
Fed. 833; 2 N. & McC. 527; 2 Strob. 65; 11 S. C. 360; 11
Rich. L. 529; 39 S. C. 25; 54 S. C. 299; 63 S. C. 439, 500;
77 S. C. 437. *Where should signals be given?* 41 S. C. 20;
47 S. C. 386; 59 S. C. 433. *Contributory negligence as a
defense:* 91 S. C. 507.

*Messrs. W. S. Smith, J. Heyward Jenkins* and *W. H.
Townsend,* contra. *Mr. Townsend* cites: *Should signals be
given on crossing neighborhood roads?* 77 S. C. 437; 104
Fed. 437. *Signboards at such crossings:* 83 S. C. 357; 87
S. C. 328; 92 S. C. 336. *Point that there was no evidence
to support verdict was not properly made on Circuit:* 87 S.
C. 144. *There was evidence of wilfulness:* 91 S. C. 946;
90 S. C. 266; 85 S. C. 25.

February 19, 1913. The opinion of the Court was deliv-
ered by

MR. JUSTICE WATTS. This was an action tried before his
Honor, Judge Prince, and a jury, at September term of
Court, 1912, for Beaufort county, and resulted in a verdict
for plaintiff in the sum of five hundred ($500) dollars. No
motion was made by the defendant for nonsuit or direction
of verdict at the close of plaintiff's testimony or when the
whole evidence was in. After verdict, a motion for a new
trial was made, on the minutes of the Court, on the ground
that there was no testimony to support the verdict and that
the testimony showed that the plainiff wilfully, by his action,
contributed to his injury as a proximate cause, and that
there was no testimony to show that the accident occurred
at a public highway crossing and that there was no evidence
to support the verdict for, either actual or punitive damages,

and even if there was evidence to support the verdict, the verdict was excessive and not warranted by the evidence to that extent.

A motion for a new trial being overruled, the defendant appealed and alleges error on the part of the trial Judge on nine (9) grounds, and some of these grounds are divided into subdivisions, but all allege error on the part of the trial Judge in his charge to the jury. The complaint alleged both an action under the common law and under the statute for failure to give statutory signals at a public road crossing. The complaint alleged that plaintiff was injured in a collision with the defendant's shifting engine, about five hundred (500) yards east of Burton station, where defendant's line of railway crosses Salem public road, in consequence of defendant's wilfully, wantonly and negligently operating said engine so as to run into a wagon in which the plaintiff was riding and alleged that no signboard was placed by defendant at the point where said line of railway crossed said public road and no signal of any nature, whatsoever was given by defendant's agents operating said shifting engine.

The complaint was construed in the charge as stating a cause of action on account of failure of defendant to give the statutory signals at public road crossings and throughout the entire charge the trial Judge conditioned the plaintiff's right to recover upon the question whether or not the crossing, where the accident occurred, was upon a public road, neighborhood road as distinguished from a plantation or private road. He was careful to inform the jury that a recovery could only be had by plaintiff upon proof that he was injured at a crossing upon a public road. The Judge's charge, as a whole, in reference to what was applicable under the statutory cause of action, set out in complaint, was unobjectionable and free from error. In defining the different kinds of roads, public, neighborhood and private, he substantially laid down the law as declared by

this Court in the cases of: *State* v. *Sarter,* 2 Strobhart, 65; *State* v. *Hardin,* 11 S. C. 360; *State* v. *Jeffcoat,* 11 Rich. Law 529; *State* v. *Floyd,* 39 S. C. 25, 17 S. E. 505; *State* v. *Tyler,* 54 S. C. 299, 32 S. E. 422.

It was held in the case of *State* v. *Kendell,* 54 S. C. 195, that where his Honor substantially charged the law applicable to the case and if the appellant desired a more extended charge, it was his duty to embody his propositions in the form of a request to charge.

As to the complaint made as to his Honor's charge in reference to the statutory signals, secs. 2132 and 2139 of the Civil Code relating to the equipment of a railway engine, with bell, whistle and headlight and the duty of one in charge of the engine to ring the bell and blow the whistle within five hundred (500) yards of a crossing of a highway, street or traveled place as does sec. 3132, and also that any collision by a person or property with such engine of the railway on crossing by it over a highway, street or traveled place in the absence of the foregoing signals by the railway company in the absence of proof that such failure of the railway company did not contribute to the injury the railway shall be liable for all damages by the collision, unless it is shown that in addition to the mere want of ordinary care the person injured was at the time of the collision guilty of gross or wilful negligence or was acting in violation of law and that such gross or wilful negligence or unlawful act contributed to the injury, as provided in sec. 3229, have been so often before this Court that it is hardly necessary to do more than merely cite the numbers of such sections when injuries at railroad crossings of a highway, street or traveled place are up for consideration. When the Circuit Judge, in his own language and in a common sense way, explained to the jury what the law was and what it meant his work was admirably done and the jury could not fail to understand what his language meant, both as to these sections and the sections in reference to the signs to be

put up at the crossing where the law required them to be put. We find that the trial Judge was both careful and successful in conveying to the jury the meaning of the statutes regulating such cases as the one on trial.

The third exception alleges error in submitting to the jury the question of negligence in failing to give the statutory signals and failure to prove that the injury occurred at a public crossing, street or traveled place within the meaning of the statute, and that there was no testimony to support the finding of the verdict either on this or for punitive damages. No motion was made for a nonsuit or to direct a verdict for defendant before submission of the case to the jury as required by Rule Seventy-seven (77) of the Circuit Court. As was said by Chief Justice Jones, in *Gue* v. *Wilson,* 87 S. C. 145, 69 S. E. 99 : "A motion for new trial was made and refused. The first and third exceptions assign error in refusing new trial because there was evidence neither of negligence nor wilfulness. As there was no motion for nonsuit nor request to direct verdict on either ground the exceptions are not properly before the Court." *Jennings* v. *Edgefield Manft. Co.,* 72 S. C. 419, 52 S. E. 113; *Horn* v. *Railway Co.,* 78 S. C. 73, 58 S. E. 968; *Entzminger* v. *Railway Co.,* 79 S. C. 154, 60 S. E. 441; *Elms* v. *Power Co.,* 79 S. C. 513, 60 S. E. 1110; *Baker* v. *W. U. Tel. Co.,* 84 S. C. 484, 66 S. E. 182.

In the case at bar, there was some testimony to go to the jury from which they might infer negligence and recklessness on the part of the defendant as the cause of plaintiff's injury. It was testified to by several witnesses that the approach of the train was not noticed until the distress signal was blown when plaintiff was upon the track. There was some evidence that giving the statutory signals was omitted at a point where defendant maintained a whistle post, and the further testimony that the fireman left his post, when he should have been ringing the bell, to attend to other duties. This should have gone to the jury on the

question of wilfulness, wantonness or advertent failure to observe due care.

The Circuit Judge did not construe, and his attention was not called to the fact, that the complaint stated a cause of action at common law, but under his clear and comprehensive charge the defendant was not prejudiced thereby.

During the whole trial it was treated as an action for statutory negligence and his charge was clear, pointed and plain. It is true that the complaint alleged negligence on the part of the railroad company, not only in failing to give signals, but in not placing signboards at the crossing; it is true that it is not necessary that contributory negligence on the part of the plaintiff, although not gross, is a good defense to the negligence on the part of the railroad for failing to place signboards; and it is also true that the Circuit Judge did not make this distinction between the gross contributory negligence necessary to defeat a recovery for the negligence of failing to give the signals and the ordinary contributory negligence which would defeat a recovery for the negligence of failing to place the signboards in his charge. But this was not a material error, for the reason that the plaintiff saw the railroad and knew of the crossing, and consequently the failure to place the signboards could not have been regarded by the jury as having any bearing on the accident.

After a careful consideration of all the exceptions, we are of the opinion that the exceptions should be overruled.

Judgment affirmed.

MR. JUSTICE FRASER *concurs in the result.*