6960

### SHAW v. ARKWRIGHT MILLS.

MASTER AND SERVANT—NONSUIT.—In this case an action by an inexperienced boy for injuries received in a cotton mill caused by failure of the master to instruct him how to operate a dangerous machine, non-suit moved on grounds: (1) no negligence on part of master; (2) negligence on part of servant; (3) contributory negligence on part of the servant; (4) negligence of fellow-servants, properly refused.

Before PURDY, J., Spartanburg, July, 1907.    Affirmed.

Action by Summey Shaw against Arkwright Mills. From judgment for plaintiff, defendant appeals.

*Messrs. Simpson & Bomar,* for appellant, cite: *There was no negligence on part of defendant:* 22 S. C., 558; 55 S. C., 483; 71 S. C., 53; 72 S. C., 243, 264, 346; 75 S. C., 489. *Where injuries are caused by plaintiff's own negligence, nonsuit should be granted:* 23 S. C., 289; 29 S. C., 100; 58 S. C., 495; 64 S. C., 561; 66 S. C., 533; 72 S. C., 337; *Lyon v. Ry.,* 77 S. C.,    . *Plaintiff's injury was caused by negligence of fellow-servant, if there was any negligence:* 72 S. C., 269; 71 S. C., 57.

*Mr. Stanyarne Wilson,* contra, cites: *Duty of master to inexperienced servant:* 72 S. C., 420; 1 Labatt, 235, 554, 535; 68 S. C., 513; 74 S. C., 19.    *Assumption of risks is for jury:* 72 S. C., 348.

July 14, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.    It seems that Summey Shaw, a young man, twenty-one years of age, being anxious to

learn the business of an operator in a cotton mill, informed the defendant that he had no experience whatever, but came directly from work on the farm in the country and applied for a position in the Arkwright Mills. He was placed in charge of one Amos Gibson to be instructed, and Gibson set to work to explain the management of what is known as a picker, but the said Amos Gibson admitted that on account of his being in a hurry to attend to his own work he omitted to explain what was meant by the cap in the picker machinery, and that at least five minutes after the band had been loosened was required to cause the machinery to stop. The plaintiff put his hand in the machine too soon, and thereby the left hand was badly injured by the loss of a finger or two and other lesser injuries.

But the defendant claims that common observation ought to have prevented the injury; that the injuries were not as severe as plaintiff thought, and that there was contributory negligence on the part of the plaintiff.

The case came on to be heard at the July, 1907, term of the Court of Common Pleas for Spartanburg county, before his Honor, Judge R. O. Purdy, and a jury; after hearing testimony on both sides and the charge of his Honor, the jury rendered a verdict for $500 damages in favor of the plaintiff; the defendant then appealed to this Court on four grounds, alleging failure of the Circuit Judge to grant a nonsuit.

We will now consider these exceptions:

1. "Because the presiding Judge erred in not holding that there was no evidence showing any negligence on the part of the defendant, and in not, therefore, granting the defendant's motion for nonsuit."

The Circuit Judge did not err when he held that there was some evidence of negligence on the part of the defendant; the testimony in the case was very frank on both sides, but in our judgment it left the question of negligence to the jury, where it belonged. This exception is overruled.

2. "Because the presiding Judge erred in not holding that the evidence showed that plaintiff's injury was due to his own negligence alone and in not, therefore, granting the defendant's motion for nonsuit."

We do not think the Circuit Judge erred when he refused to hold the plaintiff's injuries were due to his own negligence, for the evidence was not such as to admit of no other inference than that the plaintiff's negligence was the sole cause of the injury.

We overrule this exception.

3. "Because the presiding Judge erred in not holding that even though there was evidence tending to show negligence on the part of the defendant, the plaintiff's evidence also showed that he contributed to his injuries by his own negligent acts, and in not, therefore, granting the motion for nonsuit."

We do not think the Circuit Judge erred in refusing to hold that the plaintiff contributed to his injuries by his own negligent act; there was strong evidence in plaintiff's favor, and as the jury had all the questions of law properly explained to them, and were judges of the facts, their verdict was proper. This exception is overruled.

4. "Because the presiding Judge erred in not holding that if the plaintiff was injured by negligence of others, such acts were the acts of fellow-servants, and in not, therefore, granting motion for a nonsuit."

The Circuit Judge was right in holding that negligence of others in this case was not to be held as the acts of fellow-servants and refusing the motion for nonsuit. It was very evident that this was a case where there was a failure of the master to do his full duty to this neophyte. This Court has so frequently of late rendered its decision on the duties of a master to his young servant, that it deems it hardly proper to cite the numerous authorities bearing on this question. This exception is, therefore, overruled.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE JONES. I concur in the result. The plaintiff received his injury while attempting to unchoke the picker machine, at which he was put to work. The proper and safe way to do this was to throw the belt and wait several minutes and allow the breaker of the machine to stop revolving before lifting the cap covering the breaker and proceeding to unchoke. Plaintiff was directed to unchoke the machine when necessary. He was inexperienced, and supposed that the machine would stop immediately after the belt was thrown. The foreman admitted that he had failed to instruct him how to unchoke the machine, and did not warn him to wait awhile after throwing the belt to allow the machinery concealed under the cap to stop. This was some evidence to carry to the jury the issue as to whether the master failed in the duty to instruct and warn an inexperienced employee. The question of injury by a fellow-servant was not involved, as the only issue was, whether the representative of the master had failed in the performance of the master's duty to instruct.

There being some evidence of negligence by the plaintiff, it would not be proper to nonsuit, because of contributory negligence, unless the facts so clearly established the same as to admit of no other inference. This cannot be affirmed of the testimony. The record does not disclose that the danger was so obvious that an inexperienced and uninstructed employee should have waited a little longer before making the attempt to perform the duty assigned to him.