16216

McGEE v. CLEARWATER MFG. CO.
(53 S. E. (2d) 393)

*Messrs. Hendersons & Salley,* of Aiken, *for Appellant,* cite:

*Messrs. Williams & Busbee,* of Aiken, *for respondent,* cite:

*Messrs. Hendersons & Salley,* of Aiken, *for Appellant, in reply,* cite:

May 12, 1949.

STUKES, Justice.

The plaintiff in this action, now respondent, recovered verdict and judgment against the defendant-employer, now appellant, in the amount of $1500 upon her complaint in which it was alleged, in substance, that in August 1944 as an apprentice or learner she was operating a yarder machine in defendant's textile finishing plant and the machine was unsafe and defective in stated particulars whereby her right hand was drawn into the blades of the machine and one finger severed and others injured which necessitated hospitalization, surgery and extended medical treatment. The specifications of alleged negligence were the failure of defendant to furnish plaintiff a safe place and appliances in and with which to work and the failure to warn and instruct plaintiff in the operation of the machine, etc. The answer contained a general denial and the allegation that if the defendant was negligent, the plaintiff was reckless and wanton in failing in her work as an inspector to discover the danger and avoid the injury, which recklessness and wantonness contributed to her injury as a proximate cause.

The machine, called yarder, rapidly feeds cloth before the operator over a table where 42 inches in length of it is visible at once and at the end of the machine nearest the operator a mechanism called the blades folds the cloth in one yard widths as fast as it comes. The cloth travels at the rate of 120 yards and more per minute which requires quick operation of the blades. It is the duty of operator to examine the cloth as it passes and detect defects which must be marked

by throwing a scrap of cloth, called a flag, at the location of every defect, which attracts the attention of a subsequent inspector.

Defects are commonly of great variety and are described as holes, missing color, oil, white scrimp, misclean, out of fit (where the pattern is out of line), grey black scrimp, snap, stick in, hair line, color streak, color spot, roller scratches, torn selvage, and chatter (where the lines come horizontal in the printing). The cloth in process at the time of the accident was print which means that it was colored and contained figures. Naturally holes and other defects are more difficult to discover in it than in plain or white cloth.

In addition, an essential duty of the operator of the yarder machine, the work of which plaintiff was doing at the time in question, is that the selvage or edges of the cloth must be lightly held between the thumbs and forefingers, or otherwise in the hands, in order to guide the speedily moving cloth into the blades so it will not twist or become otherwise disarranged. It was in the performance of this duty, fairly deducible from the evidence, that plaintiff's right thumb was caught in a small, unseen hole in the selvage of the fabric, as alleged in the amended complaint, and her hand was drawn into the blades and injured before she was able to stop the operation of the machine although she testified that she tried to do so by application of the brakes with her foot. The blades continued to operate and beat upon her entrapped hand until the brakes were successfully applied by another nearby employee.

It was established by the evidence, or inferable from it, that plaintiff, who was then employed in another department of the mill, applied to one in authority for employment as a yarder in order to earn the higher wage of fifty cents per hour as a learner and she was told by the overseer or boss of the yarder department that in view of her inexperience she would be taught her new work, she testified over a period of three weeks, but because of the

absence through illness of another yarder, she was "turned loose" after three or four days. The accident happened about the fourteenth work day thereafter. There is no need to recount the testimony in further detail because we agree with the trial judge that the evidence was sufficient to carry the issue to the jury upon the claim of negligence with respect to the insufficiency of the instruction of plaintiff by the master as to the dangers of her new employment and the safeguards which she should take to avoid them. This renders unnecessary examination of the evidence with respect to the other specifications of negligence which were submitted to the jury.

The defendant employer elected not to come within the terms of the Workmen's Compensation law and it is thereby subject in this action to the provision of Sec. 7035-17, Code of 1942, as follows: "An employer who elects not to operate under this article shall not, in any suit at law instituted by an employee subject to this article to recover damages for personal injury or death by accident, be permitted to defend any such suit at law upon any or all of the following grounds:

"(a) That the employee was negligent."

In this situation defendant resorts to the authority of *Nuckolls v. Great Atlantic & Pacific Tea Co.,* 192 S. C. 156, 5 S. E. (2d) 862. There, however, the plaintiff was the acting store manager of defendant and it was his duty to keep reasonably safe the place of employment where the defect existed which caused the injury. Manifestly it is inapplicable in this case. With respect to the charge of negligence that plaintiff was insufficiently instructed in the dangers of her employment would presuppose the duty upon plaintiff to instruct and warn herself in reference to matters in which she was admittedly ignorant at the beginning of her new employment. This, we think, demonstrates the present irrelevancy of the cited decision.

The rule of duty of an employer to warn and instruct an inexperienced employee concerning hazards of the employment is of frequent application. 35 Am. Jur. 575 *et seq.,*

Master and Servant, Sec. 145; *Jennings v. Edgefield Mfg. Co.*, 72 S. C. 411, 52 S. E. 113; *Elms v. Southern Power Co.*, 79 S. C. 502, 60 S. E. 1110; *Latimer v. General Electric Co.*, 81 S. C. 374, 62 S. E. 438. A very similar case to this was *Shaw v. Arkwright Mills*, 80 S. C. 567, 61 S. E. 1018, 1019, in which was said: "It was very evident that this was a case where there was a failure of the master to do his full duty to this neophyte. This court has so frequently of late rendered its decision on the duties of a master to his young servant that it deems it hardly proper to cite the numerous authorities bearing on this question." This was before enactment of the statute which we have cited and the defenses of contributory negligence and assumption of risk were available to the defendant in that case.

It is peculiarly within the province of the jury to conclude, upon conflicting evidence as here, as to the sufficiency of the instructions and warnings. Certainly the record of this case is susceptible of more than one reasonable inference, which removes the verdict from the proper sphere of this court in appeals in law cases.

This conclusion necessitates the overruling of the exceptions relating to the refusal of the trial court to grant appellant's timely motions for nonsuit, directed verdict and judgment *non obstante veredicto*.

Another point of appellant is based upon the refusal of the court to submit unaltered its requested instruction to the jury to the effect that if it was found that under the terms of plaintiff's employment it was her duty to inspect the cloth and discover holes and she failed because of lack of due care to discover the hole in which her hand was caught, the accident was due to her failure of inspection and verdict should be for the defendant. The court amended the instruction to say that if there was such failure and it was the result of recklessness or wantonness of plaintiff it would bar recovery. We do not find error as argued by appellant which says in its brief that the modification deprived it of

the benefit of the decision in *Nuckolls v. Great Atlantic & Pacific Tea Co., supra,* 192 S. C. 156, 5 S. E. (2d) 862. That authority is plainly inapplicable to the facts of this case, as has been pointed out, because of the difference in employment status of Nuckolls and the plaintiff here. Moreover, the modification suited the instruction to the answer of appellant which alleged contributory recklessness and wantonness.

Incidentally, because the question is not involved in this appeal, the Federal Circuit Court of Appeals for this, the fourth circuit, has held (opinion by Judge Parker) that contributory recklessness and wantonness is not a defense in such an action as this and the plea may be stricken from an answer on motion. *Bath Mills v. Odom,* 1948, 168 F. (2d) 38.

Finally appellant contends that reversible error was committed by the court in the admission over objection of the testimony of plaintiff's witness, Mrs. McNair, who was an experienced yarder operator. She said that she began without experience over two years before and was instructed about the machine until she understood its workings. The duration of the period of instruction was excluded. There were repeated objections to this line of testimony and attendant argument of counsel and the court finally admitted it to the limited extent stated and made the following comment: "I think it is proper to show that the mill management did instruct their employees before turning them loose on the machines, as tending to show whether it was a simple machine or simple tool or whether or not it is a more complicated or more dangerous piece of mechanism. I think he may show it was done."

No prejudice to appellant is here seen, particularly in view of the fact that it was uncontradicted that plaintiff was given some degree of instruction, the necessity for which is manifest from a mere description of the machine and also from the photograph of it in evidence. Appellant's supervisor characterized it as dangerous in his testimony for the de-

fense. The question for the jury under all of the evidence was whether the nature and amount of instruction and warning by the employer were negligently insufficient and the verdict means that they resolved it against the appellant in the light of the careful instructions by the court.

The exceptions are overruled and the judgment affirmed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.